[Cite as *State v. Ashworth*, 2012-Ohio-108.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                              :

     Plaintiff-Appellee                   :          C.A. CASE NO.    2011 CA 1

v.                                                    :          T.C. NO.    10CR79

JUSTIN P. ASHWORTH                   :            (Criminal appeal from
                                                                   Common Pleas Court)

     Defendant-Appellant               :

. . . . . . . . . .

# O P I N I O N

Rendered on the 13th day of January, 2012.

. . . . . . . . . .

NICK A. SELVAGGIO, Atty. Reg. No. 0055607, 200 North Main Street, Urbana, Ohio 43078
     Attorney for Plaintiff-Appellee

JOHN A. FISCHER, Atty. Reg. No. 0068346, Greene Town Center, 70 Birch Alley, Suite 240, Beavercreek, Ohio 45440
     Attorney for Defendant-Appellant

. . . . . . . . . .

HALL, J.

{¶ 1}  Justin Paul Ashworth appeals one of the prison sentences imposed by a Champaign County trial court. In 2008, a Franklin County court sentenced Ashworth to five years of community control, with an underlying prison sentence of five years to be served upon CCS violation. Two years later, in 2010, a Champaign County court convicted Ashworth on four felony and misdemeanor charges. The Champaign County court imposed three concurrent prison terms, but it ordered Ashworth to serve a fourth prison term consecutive to any sentence that the Franklin County court would later issue as a consequence for the violation of that court's community control sanctions.

Ashworth argues that the court could not order him to serve its sentence consecutively because the later sentence had not been imposed yet.

{¶ 2} We hold that, when a court imposes a prison sentence for a felony conviction, the court may order that the sentence be served consecutive to a prison sentence that has been announced although not yet enforced because the offender is on community control in that county. This holding promotes the orderly disposition of criminal cases and precludes a defendant from committing multiple felonies in multiple counties with virtual impunity.

## I.

{¶ 3} In October 2010, Ashworth and the Champaign County prosecutor entered into a plea agreement that disposed of the eleven charges pending against Ashworth. Ashworth pleaded guilty to four charges–two low-level felonies and two misdemeanors [1] –and the prosecutor dismissed the remaining charges. The plea agreement noted that the sentences imposed "may be consecutive to any other pending felony charge." Ashworth also affirmed that he understood that if he was currently "on felony probation, parole, under a community control sanction, or under post release control from prison, this plea may result in revocation proceedings and any new sentence could be imposed consecutively."

{¶ 4} Ashworth was currently under a community-control sanction in Franklin County. See *State v. Ashworth*, Franklin C.P. No. 2005 CR 4632. According to the Franklin County judgment of conviction attached to Ashworth's brief, in 2008, Ashworth

---

[1] The offenses were attempted failure to comply with a police officer, a fourth-degree felony; obstructing official business, a fifth-degree felony; domestic violence, a first-degree misdemeanor; and driving while under the influence of alcohol or drugs, also a first-degree misdemeanor.

pleaded guilty to three felonies and was sentenced to community control for five years. See December 15, 2010 Revocation Entry (Prison Imposed), p.2. The judgment of conviction implies that, at the original sentencing, the court notified Ashworth that, based on the parties' joint recommendation, he would be sentenced to five years in prison (aggregate) if he violated any of the terms or conditions of community control. (In reality, the Franklin County court could reduce, but could not increase, the originally announced sentence.[2]). The Franklin County court had scheduled a hearing regarding Ashworth's community-control violations for November 23, 2010, but continued the hearing pending the outcome of the Champaign County case.

{¶ 5} In December 2010, the Champaign County case concluded with Ashworth's sentencing. In addition to a 12-month and two six-month concurrent prison terms, the court imposed an 18-month prison term and ordered Ashworth to serve it consecutive to "any Franklin County penalty." The court explained:

{¶ 6} "THE COURT:  There's some discussion in the law which Judge has the authority to impose a consecutive sentence when you're on supervision in Franklin County. You're facing a supervision violation. In theory it's the last judge to impose sentence on an individual that determines whether [the] penalty will be concurrent or consecutive. I believe that there's already been a sentence imposed in the Franklin County case, but that sentence was interrupted by judicial release. I don't know what Franklin County will do with your violation charges. [If] Franklin County chooses to return you to prison, [the] Court believes that the Champaign County penalty will then

---

[2] Upon sentencing, many judges will place a defendant on community control and select the maximum available sentence for violation.   Then, upon violation, that sentencing court will routinely reduce the ultimate sentence to reflect the applicable circumstances.   In this writer's opinion, that practice is precisely what truth-in-sentencing was meant to avoid.

be consecutive to whatever penalties you'll be required to serve in Franklin County. Do you remember what penalty was imposed to confinement originally in Franklin County[?]

{¶ 7} "* * *

{¶ 8} "DEFENDANT ASHWORTH: It was originally five years, and I believe I've done three and a half of the five years.

{¶ 9} "THE COURT: So the Court is of the belief from the information at hand that you have one and a half years remaining. And if that's imposed, then Champaign County is consecutive to that for a year and a half, that's what 18 months is."

{¶ 10} Later that December, the Franklin County court revoked community control and sentenced Ashworth to five years in prison, concurrent to the Champaign County sentence.

{¶ 11} Ashworth appealed from the Champaign County judgment of conviction.

**II.**

{¶ 12} The sole assignment of error alleges:

{¶ 13} "THE CHAMPAIGN COUNTY COURT ERRED WHEN IT ORDERED MR. ASHWORTH'S SENTENCE TO RUN CONSECUTIVELY TO HIS FRANKLIN COUNTY SENTENCE, WHEN THE FRANKLIN COUNTY COURT HAD NOT YET SENTENCED HIM."

{¶ 14} A trial court may order that its prison sentence "be served consecutive[] to a prison sentence imposed on the same offender by another Ohio court." *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, ¶19; R.C. 2929.41. Ashworth contends that here the trial court ordered that its sentence be served consecutive to a future

sentence, one that has not yet been imposed. He cites the Ohio Supreme Court's decision in *State v. White* (1985), 18 Ohio St.3d 340, for the rule that a trial court may not order that its sentence be served consecutive to an unimposed sentence. *White* does not apply here.

{¶ 15} The defendant in *White* was convicted in Clermont County on three felony charges, but sentencing, in its entirety, was delayed pending the disposition of separate felony charges filed against the defendant in Delaware County. The defendant was tried in Delaware County and found guilty. The Delaware County court sentenced the defendant to a lengthy prison sentence and ordered that the defendant serve its sentence consecutive to the sentence that would be imposed in Clermont County. The defendant was later sentenced to prison in Clermont County.

{¶ 16} But *White* was decided before S.B. 2 entirely changed sentencing in Ohio. Among the changes, community-control sanctions are now directly imposed upon a defendant at sentencing. The truth-in-sentencing idea imbuing the S.B. 2 sentencing scheme requires that, when imposing a community-control sanction, a court must notify the defendant of a prison term that could be the consequence of his violating the community-control conditions, committing a crime, or leaving the state without permission. See R.C. 2929.19(B)(4).[3] And, the court must tell the defendant *specifically* what that prison term could be. Under the S.B. 2 sentencing scheme, then, the consequence for the proscribed conduct–though not exactly known–is imposed at the

---

[3] "* * * The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code." R.C.

time that the defendant is sentenced to community control. So a prison sentence has, in essence, been imposed on a defendant subject to community control. All the court need do is select it as the appropriate penalty. See R.C. 2929.15(B)(1).

{¶ 17} *White* says that a trial court's statutory discretion to order that its prison sentence be served consecutive to another prison sentence, see R.C. 2929.41(B)(1), is "based upon the premise that the other sentence is either one being imposed by the trial court at that time or is a sentence previously imposed, even if by another court, and is not a sentence *in futuro*." *White*, at 342. In *White*, when the second court ordered a consecutive prison sentence, the defendant had not yet been sentenced for the crimes that he committed in the first county. In contrast, when the Champaign County court ordered Ashworth to serve the consecutive prison sentence, Ashworth had been sentenced for the crimes that he committed in Franklin County–he'd been sentenced to community control, which included the penalties for violation. Likely, this is why the Champaign County court ordered that the sentence be served consecutive to "any Franklin County *penalty*." (Emphasis added.).

{¶ 18} Also, one of the *White* court's primary concerns does not arise here. The Court was concerned that the first sentencing court (Delaware County) had taken away the discretion of the second sentencing court (Clermont County) to fashion an appropriate sentence under R.C. 2929.41, which authorizes consecutive sentences. We note first that if the Franklin County court believes that the sentence it imposes as a penalty should not be consecutive to Champaign County, it is free either to reduce its sentence or to not impose it at all. The court retains considerable leeway in fashioning

---

2929.19(B)(4).

an appropriate sentence.

{¶ 19} More important, though, unlike the first court in *White*, the Franklin County court is likely precluded from imposing a consecutive sentence on Ashworth. The community-control statute prevents a court from imposing a sentence longer than the one it originally announced: "The prison term, if any, imposed upon a violator pursuant to this division * * * shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(2) of section 2929.19 of the Revised Code. * * *" R.C. 2929.15(B)(2). We have not found any court that has addressed whether a prison term that is equal to or less than the specified term nevertheless exceeds the specified prison term if it runs consecutive to a prison term imposed in another county and the sum of the terms exceeds the specified term. But, given the sentencing scheme's underlying idea of truth-in-sentencing, as well as the requirements of due process, we think that, directly confronted with the issue, this Court, and others, would hold that R.C. 2929.15(B)(2) is violated in this situation. Moreover in a plea situation, a defendant whose penalty for violation of community control is ordered to be consecutive to a sentence for subsequent conduct would likely raise the issue that his original plea was not knowingly entered because the consequence of making the sentence consecutive to a penalty for subsequent conduct , which had not yet occurred, could not be adequately explained at the time of the plea. For all these reasons, we believe it is likely that the Franklin County court would determine it could not have ordered Ashworth to serve its five-year prison sentence consecutive to the Champaign County court's sentence because that would exceed the five-year prison term specified originally by the court.

{¶ 20} Given this statutory limitation, a defendant could commit lower-level felonies with virtual impunity if the second county were also unable to impose a consecutive sentence. This may even offer the defendant a perverse incentive to commit the additional crimes. Consider this example:   in County A, defendant commits a second-degree felony, is sentenced to community control, and is told that, if he commits any of the proscribed conduct, he may be sentenced to six years in prison. Later, in County B, defendant is convicted of a third-degree felony and is sentenced to five years in prison, the statutory maximum. The five-year sentence would run concurrent to the not-yet served six-year sentence (if the County A court imposes that penalty). Defendant could then commit a fifth-degree felony in County C and be sentenced to the statutory-maximum one year in prison, and the County C court could order that it run consecutive to the already imposed County B sentence. For his crimes in Counties B and C, then, defendant has been sentenced to an aggregate six years in prison. He will serve this aggregate sentence concurrent to the six-year sentence in County A. Defendant committed two felonies in two counties but will serve no more time in prison than he would have had he not committed the felonies. In the community-control context, then, the second county (County B) must be able to impose a sentence that runs consecutive to any prison term imposed by the first county (County A).

{¶ 21} Finally, allowing the second county to impose a consecutive sentence in this context promotes the orderly disposition of criminal cases. When a defendant sentenced to community control in County A later commits a crime in County B, County A will often suspend revocation proceedings until disposition of the case in County B,

for several reasons. First, the basis for revocation often is the offense committed in County B, and the viability of the charge is not clear until disposition of the County B case. Second, the witnesses supporting the state's case in County B are likely the same witnesses who would provide evidence for the revocation. But they are not necessarily near County A. Evidence of a conviction in County B is easier to present and almost always dispositive of a violation of County A's sanctions. Finally, if the charges in County B are serious, and the defendant is in custody, County B is unlikely to release or transport the defendant to County A until after disposition of County B's case. For any of these reasons, revocation proceedings are often continued until the case in the other county is completed. After the defendant is convicted in County B, it should not be necessary to delay sentencing, transport the defendant to County A for completion of revocation proceedings, and then return the defendant to County B for imposition of a consecutive sentence.

{¶ 22} The sole assignment of error is overruled.

{¶ 23} The Champaign County court's judgment is affirmed.

Judgment affirmed.

. . . . . . . . . .

CELEBREZZE, J., concurs.

FROELICH, J., dissenting:

A main premise of the majority's opinion is that when a court places a defendant on community control and notifies the defendant of the possible consequences of a community control sanction violation, "* * * a prison sentence has, in essence, been imposed on a defendant. * * *" This corresponds to the Champaign County trial

court's statement that, "I believe that there's already been a sentence imposed in the Franklin County case.   * * * "

R.C. 2929.19 requires the court to notify an offender of the possible sanctions that the court "may impose" including "the specific prison term that may be imposed. * * * "  The offender placed on a community control sanction is not sent to prison or placed on post-release control.   If the offender later commits a violation of the community control sanction, the trial court could terminate the community control sanction, impose a longer period of community control sanction, impose more restrictive community control sanctions, or impose a prison term.

This is entirely consistent with S.B. 2.   "Prior to S.B. 2, it was a regular practice in felony sentencing to impose a prison sentence and then suspend the sentence and grant probation with specific terms and conditions.   That option was removed by the felony sentencing statutes adopted as part of S.B. 2.   The current felony statutes, contained primarily in R.C. 2929.11 to 2929.19, require a judge to either impose a prison term or to impose community control sanctions."   *State v. Hoy*, 3d Dist. Union Nos. 14-04-13, 14-04-14, 2005-Ohio-1093, ¶ 18.   An offender sentenced to community control sanctions has been made aware that there are potential consequences for a violation of the community control sanctions, nothing more and nothing less.

The holding of *Bates* that a trial court may order a sentence to "be served consecutive to a sentence imposed on the offender by another Ohio court" is literally correct: it can be consecutive to an <u>imposed</u> sentence, but the only sentence imposed on Ashworth, at the time the Champaign County Common Pleas Court imposed its sentence, was a sentence of community control by the Franklin County Common Pleas

Court.  The Champaign County sentence was in anticipation of what would happen in the future in Franklin County.

The appellant apparently was advised by Franklin County about the possibility of prison time for a violation of community control, and I do not believe R.C. 2929.15(B)(2) is violated because it could be consecutive to another court's prior sentence.  The offender was told by Franklin County at the time of his plea that a specific term could be ordered by Franklin County to be served; the fact that it might be consecutive to another unrelated   sentence does not alter the fact that he must serve the specific term ordered by the last-sentencing court.  No reasonable offender who pleads to an offense, is placed on community control sanctions, is told that a violation could result in a five-year sentence, and who later violates a community control sanction, has a reasonable expectation of anything but that he will have to serve the five years.

I would reverse the consecutive provision of Champaign County's judgment entry.

. . . . . . . . . .

(Hon. Frank D. Celebrezze, Jr., Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).


Copies mailed to:

Nick A. Selvaggio
John A. Fischer
Hon. Roger B. Wilson