[Cite as *State v. Jones*, 2020-Ohio-762.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## HARRISON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BROOKE E. JONES,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 HA 0003**

---

Criminal Appeal from the
Court of Common Pleas of Harrison County, Ohio
Case No. CRI 2015-0067

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Vacated and Remanded.

---

*Atty. T. Owen Beetham*, Harrison County Prosecutor and *Atty. Jeffrey J. Bruzzese*, Assistant Prosecuting Attorney, Harrison County Prosecutor's Office, 111 W. Warren Street, P.O. Box 248, Cadiz, Ohio 43907 for Plaintiff-Appellee and

*Atty. Travis Collins,* 105 Jamison Avenue, Cadis, Ohio 43907, for Defendant- Appellant.

Dated: February 26, 2020

_____

**D'APOLITO, J.**

**{¶1}** Appellant Brooke E. Jones appeals her two-year sentence imposed by the Harrison County Court of Common Pleas for a community control violation, because the sentence (originally suspended) was imposed to be served consecutively to the sentence for her felony conviction in Jefferson County. Appellant's Jefferson County conviction, which occurred while Appellant was on community control in Harrison County, provided the substance of the community control violation.

**{¶2}** Appellant contends that the trial court was prohibited as a matter of law from imposing the sentence to be served consecutively to the Jefferson County sentence for three reasons. First, she argues that a trial court cannot impose a sentence to run consecutively to the sentence of another court. Next, she argues that the sentence is unlawful because she was not notified at her original sentencing hearing, when the sentence was suspended, that it could be imposed to run consecutively to a sentence for a future crime. Finally, Appellant argues that the trial court failed to make the requisite statutory findings to impose consecutive sentences.

**{¶3}** We find that the trial court had the statutory authority to impose the two-year sentence to run consecutively to the Jefferson County sentence, and that the trial court was not obliged to notify Appellant that the sentence for a community control violation could be imposed to be served consecutively to a future sentence. However, we agree with Appellant that the sentence is contrary to law insofar as the trial court erred in not making the findings set forth in R.C. 2929.14(C)(4), which are required for the imposition of consecutive sentences. Accordingly, Appellant's sentence is vacated and this matter is remanded for resentencing consistent with R.C. 2929.14(C)(4).

## FACTS AND PROCEDURAL HISTORY

**{¶4}** At the original plea/sentencing hearing on October 16, 2016, Appellant pleaded to and was convicted and sentenced for one count of endangering children, in violation of R.C. 2919.22(A), a felony of the third degree. Prior to imposing sentence, the trial court read portions of the written plea agreement into the record.

Case No. 19 HA 0003

**{¶5}** Although Appellant was not under a community control sanction at the time, the trial court read aloud, "I understand if I am * * *under community control sanction * * * this plea may result in revocation proceedings and any new sentence could be imposed consecutively." (10/24/16 Hrg. Tr., p. 8; 10/25/16 Plea Agreement, p. 2.) The trial court further read:

> "[t]his Court is not required by law to impose a prison sanction. It may impose community control sanction or non-prison sanction [sic] upon me. I understand if I violate the terms and conditions of a community control sanction this Court may extend the time for which I'm subject to the sanctions up to a maximum of five years, impose a more restrictive sanction, or imprison me for the maximum term stated allowed for the offense as set out above."

*(Id.* p. 9; Plea Agreement, p. 3.)

**{¶6}** The trial court imposed the following sentence:

> The Court is going to sentence you to two years in the appropriate penal institution, five year community control [sic]. Court is suspending your two year sentence. Court placing you under the probation department's control and you are to successfully complete the program at EOCC.

(*Id.*, p. 11.)

**{¶7}** The sentencing entry reads, in pertinent part:

> **THEREFORE, IT IS THE JUDGMENT AND SENTENCE** of this Court that Defendant be and hereby is placed on Community Controls for a period of five (5) years administered by the Community Controls Program of this Court.
>
> * * *

Case No. 19 HA 0003

In addition, the Community Controls shall specifically include the following **"Defendant shall serve two (2) years in an Ohio penal institution; two (2) years is hereby suspended."**

(Emphasis in original)(11/4/16 J.E., p. 4.)

{¶8} After setting forth the conditions of community control, which included the completion of certain therapeutic programs and to "abide by all laws," the sentencing entry reads, "[t]he Court may modify this order, consistent with [R.C. 2929.15 – the community control sanctions statute], as needed to protect the public and may punish violations of this order by imposing a longer period of supervision, a more restrictive community control sanction, or a prison term of two (2) years." (*Id.*, p. 5.)

{¶9} Although the trial court provided the admonition regarding the possibility of consecutive sentences if Appellant was currently under a community control sanction at the original plea/sentencing hearing (she was not), the trial court did not provide the same admonition should Appellant commit a community control violation in the future.

{¶10} On February 14, 2018, the state filed a motion to revoke the community-based control sanction due to Appellant's termination from a therapeutic program. On May 2, 2018, Appellant admitted to the violation and the trial court imposed a jail sentence of thirty days.

{¶11} On July 24, 2018, the state filed a second motion to revoke the community control sanction based on three violations: (1) Appellant was charged with one count of complicity to commit aggravated robbery and one count of robbery; (2) Appellant was associating with known felons; and (3) Appellant was located in Jefferson County, Ohio without prior consent from her Community Control Officer. On December 11, 2018, Appellant entered a guilty plea in the Jefferson County Court of Common Pleas and was convicted of one count of robbery, in violation of 2911.02(A)(3) and (B), a felony of the third degree. She was sentenced to thirty-six months, which is the maximum term of incarceration for a third-degree felony.

{¶12} Pursuant to negotiations with the Jefferson County prosecutor's office, the state filed a motion to withdraw the motion to revoke community control on January 9, 2019. However, the trial court overruled the motion because the state "recommended that

[Appellant] be placed on the Zero Tolerance Policy established by the Community Correction's Office of the Court as a part of her Community Based Control Sanctions." (1/14/19 J.E., p. 1.) At the community control violation hearing on March 11, 2019, Appellant admitted the violation. The trial court revoked the community control sanction and imposed the reserved sentence of twenty-four months, with credit for jail time served, to be served consecutively to the Jefferson County sentence. (3/11/19 J.E., p. 4.) This timely appeal followed.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN SENTENCING APPELLANT BROOKE JONES, TO SERVE A RESERVED PRISON SENTENCE CONSECUTIVE TO A NEW SENTENCE SUBSEQUENTLY IMPOSED BY A DIFFERENT COURT WHEN REVOKING APPELLANT'S COMMUNITY CONTROL SANCTIONS.**

{¶13} "An appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. R.C. 5145.01, captioned "Duration of sentences," reads, in pertinent part, "If a prisoner is sentenced for two or more separate felonies, the prisoner's term of imprisonment shall run as a concurrent sentence, except if the consecutive sentence provisions of sections 2929.14 and 2929.41 of the Revised Code apply."

{¶14} As an initial matter, we recognize that Appellant's original sentence was contrary to law. Pursuant to R.C. 2929.19(B), community control sanctions and prison terms are mutually exclusive and cannot be imposed at the same time on the same count of conviction. *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 21-23. However, Appellant waived any challenge to the lawfulness of her original sentence because she did not file a timely appeal. *State v. Vlad*, 7th Dist. Carroll No. 02 AP 0775, 2003-Ohio-2930, ¶ 6 ("Such errors in actually imposing the prison term must be

immediately appealed even if the trial court then 'suspends' the felony prison sentence and further orders probation or community control sanctions.")

{¶15} According to R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it is "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and if the court also finds any of the factors in R.C. 2929.14(C)(4)(a)-(c) are present:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

"[T]o impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶16} Although Appellant advances a single assignment of error, her statutory argument is divided in three parts. First, she asserts that "the plain language of R.C. 2929.14(C)(4) prohibited the trial court from imposing a consecutive sentence in this matter because, unlike R.C. 2929.14(C)(1)-(3), R.C.2929.14(C)(4) does not reference imposing a consecutive prison term to any other prison term previously or subsequently

imposed upon the offender." (Appellant's Brf., p. 4). Appellee counters generally that "it is clear that a sentencing court may impose consecutive sentences upon making the appropriate findings." (Appellee's Brf., p. 3.)

{¶17} R.C. 2929.14(C)(1) requires certain offenders to serve their mandatory prison sentences consecutive to prison terms "previously or subsequently" imposed on the offender. R.C. 2929.14(C)(2) requires offenders who commit a felony while incarcerated to serve the sentence imposed for the new felony consecutive to any prison term "previously or subsequently" imposed. R.C. 2929.14(C)(3) requires an offender who steals a firearm or flees from the police in a motor vehicle to serve the sentence for that offense consecutive to any prison term "previously or subsequently" imposed on the offender. Because R.C. 2929.14(C)(4) does not read that the court may order sentences to run consecutive to those previously or subsequently imposed, Appellant argues the trial court was prohibited from imposing the sentence at issue here consecutively to the Jefferson County sentence.

{¶18} In *State v. Gillman*, 10th Dist. Franklin No. 01AP-662, 2001-Ohio-3968, the Tenth District considered the forgoing argument. In *Gillman,* the defendant was under a community control sanction when he committed two armed robberies. After a twenty-two year term of imprisonment was imposed for the armed robbery convictions, Gillman stipulated to the community control violation and the same trial court imposed a two-year sentence to be served consecutively to the sentences for the armed robberies. Gillman challenged the trial court's authority to impose a consecutive sentence for the community control violation. The Tenth District opined:

> Subsections (1), (2), and (3) pertain to circumstances when there are multiple sentences and one of the sentences was for one of three specific types of conduct. Subsection (4) applies to all other situations when there exists multiple sentences. In subsections (1), (2), and (3), the legislature made it mandatory that sentences for gun specifications, crimes in a detention facility, and certain acts against a law enforcement officer be served consecutively to all other sentences imposed previously or subsequently. The legislature undoubtedly made consecutive sentences mandatory for such crimes to underscore the serious nature of those

Case No. 19 HA 0003

offenses. Subsection (4) then gives the trial court the discretion to determine whether sentences for multiple offenses that do not fit into subsections (1), (2), or (3) should be served consecutively. As subsections (1), (2), and (3) require sentences to be served consecutively to other sentences imposed previously or subsequently when the offense was of an especially serious nature, we read subsection (4) to give the trial court the discretion to order a sentence to be served consecutively to any previous or subsequent sentence when the court makes the required findings indicating that the prison terms should be served consecutively. While we agree R.C. 2929.14(E)(4) is not a model of clarity, we do not believe the legislature intended that the trial court would not have this type of discretion in sentencing.

*Id.* at \*3.

**{¶19}** The Tenth District concluded that Gillman's sentence for two counts of aggravated robbery and his subsequent sentence for the probation violation "constituted 'multiple prison terms * * * imposed on an offender for convictions of multiple offenses' within the meaning of R.C. 2929.14(E)(4), so as to permit consecutive sentences." *Id.*

**{¶20}** We adopted the Tenth District's reasoning in *Gillman* in *State v. Love*, 7th Dist. Mahoning No. 00 CA 255, 2002-Ohio-7178. In that case, the defendant was sentenced to a three-year community control sanction, as well as a potential five-year prison sentence for any violation of the terms of his community control. One year later, Love pleaded guilty to aggravated murder and other crimes in Licking County. A motion to revoke community control sanctions was filed in Mahoning County, Love admitted the violation, and the trial court imposed a five-year prison term, to be served consecutively to the Licking County sentence. On appeal, Love challenged the trial court's alleged failure to make the requisite statutory findings.

**{¶21}** Although Love did not argue that the trial court lacked the authority to impose a consecutive sentence for the community control violation, we observed that "[a]lthough the consecutive sentence at issue was not for multiple convictions within a single criminal case, but rather, was for multiple convictions in totally distinct and separate

criminal proceedings, the statute has been interpreted to apply in this situation." *Id.* at ¶ 35, citing *Gilman, supra.* We further found that "[u]nder the revised sentencing laws, effective since 1996 with the enactment of Am. S.B. 2, imposing a prison term after a community control violation is not a mere reinstatement of a previous sentence," and, as a consequence, the sentencing court must comply with the requirements of R.C. 2929.14. Accordingly, we find that the first part of Appellant's sole assignment of error based on the text of R.C. 2929.14(C)(1)-(3) has no merit.

{¶22} In *State v. Thompson*, 5th Dist. Fairfield No. 01CA62, 2002-Ohio-4717, the Fifth District raised the issue articulated in the second part of Appellant's argument, that is, "[t]he plain language of R.C. 2929.15(B)(3) precluded the trial court from imposing a consecutive sentence because the trial court did not advise [Appellant] that the reserved sentence could be ordered to be served consecutively to a subsequent sentence imposed by a different court in the original sentencing entry." (Appellant's Brf., p. 8.) R.C. 2929.15, captioned "Community control sanctions," reads, in relevant part, "The prison term, if any, imposed upon a violator pursuant to this division and division (B)(1) of this section shall be within the range of prison terms described in this division and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(2) of section 2929.19 of the Revised Code." R.C. 2929.15(B)(3).

{¶23} In *Thompson*, a Fairfield County trial court imposed concurrent nine-month suspended sentences for two felony convictions, and placed the defendant on community control for five years. Roughly eleven months later, the prosecutor filed a motion to revoke community control based on Thompson's conviction for a second degree felony in Franklin County. The Franklin County trial court imposed a five-year sentence on the substantive crime, as well as a one-year sentence, to run consecutively, for a probation violation in an earlier case. At the community control violation hearing in Fairfield County, the trial court reimposed the nine-month concurrent sentences to be served consecutively to the five-year sentence imposed in Franklin County.

{¶24} In vacating the consecutive nature of the sentence imposed by Fairfield County, the Fifth District relied, in part, on the defendant's statutory right to serve no greater sentence than the sentence originally imposed. The *Thompson* panel wrote,

Case No. 19 HA 0003

"While we understand appellant's sentence was reimposed as a result of a probation violation, the court did not, indeed, could not indicate appellant's original sentence would be served consecutively to any other subsequent offense in the original sentencing entry." Id. at ¶ 31.

{¶25} The Second District articulated the same reasoning in *State v. Ashworth*, 2nd Dist. Champaign No. 2011 CA 1, 2012-Ohio-108. Ashworth was previously sentenced in Franklin County to five years of community control, with a prison sentence of five years to be served for a community control violation. Two years later, Ashworth was convicted of felony and misdemeanor charges in Champaign County. The Champaign County trial court imposed three concurrent prison terms, but ordered Ashworth to serve a fourth prison term consecutive to any penalty that the Franklin County court would later issue as a consequence for the violation of that court's community control sanctions.

{¶26} In affirming the imposition of consecutive sentences by the Champaign County trial court, the *Ashworth* Court opined that the Franklin County trial court was likely without authority to impose the community control violation sentence to be served consecutively to the Champaign County sentence:

> The community-control statute prevents a court from imposing a sentence longer than the one it originally announced: "The prison term, if any, imposed upon a violator pursuant to this division * * * shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(2) of section 2929.19 of the Revised Code. * * * " R.C. 2929.15(B)(2). We have not found any court that has addressed whether a prison term that is equal to or less than the specified term nevertheless exceeds the specified prison term if it runs consecutive to a prison term imposed in another county and the sum of the terms exceeds the specified term. But, given [S.B. 2's] underlying idea of truth-in-sentencing, as well as the requirements of due process, we think that, directly confronted with the issue, this Court, and others, would hold that R.C. 2929.15(B)(2) is violated in this situation. Moreover in a plea situation, a defendant whose penalty for violation of community control is ordered to

be consecutive to a sentence for subsequent conduct would likely raise the issue that his original plea was not knowingly entered because the consequence of making the sentence consecutive to a penalty for subsequent conduct, which had not yet occurred, could not be adequately explained at the time of the plea. For all these reasons, we believe it is likely that the Franklin County court would determine it could not have ordered Ashworth to serve its five-year prison sentence consecutive to the Champaign County court's sentence because that would exceed the five-year prison term specified originally by the court.

*Id.* at ¶19.

{¶27} Am.Sub.S.B. No. 2, effective on July 1, 1996, significantly changed felony sentencing law in Ohio. Am.Sub.S.B. No. 2 has been labeled a "truth in sentencing" measure because it provides for definite sentences while eliminating "good time," parole releases, and caps on consecutive terms. For instance, the Eighth District has recognized that "truth in sentencing" is a dominant purpose of the current sentencing procedures, "'which aims to eliminate indefinite sentences in favor of specific terms, to increase certainty and predictability in sentencing.'" *State v. Porter*, 8th Dist. No. 103185, 2016-Ohio-5832, 70 N.E.3d 1208, ¶ 19-20, quoting *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473. The Second District Court of Appeals has similarly observed that "the time sentenced [under S.B. 2] will be the time served." *State v. Brown*, 2nd Dist. Clark No. 96 CA 92, 1997 WL 216580, *1.

{¶28} Contrary to the opinions of the Fifth and Second Districts, we find that the imposition of a consecutive sentence in this case does not run afoul of the statutory language in R.C. 2929.15(3)(b) or the spirit of S.B. 2. Appellant was informed at the original plea/sentencing hearing that a two-year prison sentence may be imposed in the event that she violated the terms of her community control sanction. Appellant was on notice that any violation of the terms of her community control, regardless of whether the underlying violation resulted in a separate term of imprisonment, could result in a two-year term of imprisonment.

{¶29} In accordance with R.C. 2929.15(B)(3), the two-year sentence at issue in this appeal was within the range of prison terms described in the statute and did not exceed the prison term specified in the notice provided to Appellant at the plea/sentencing hearing. Similarly, the sentence is not at odds with S.B. 2's goal of "truth in sentencing," because the "time sentenced" in this case – two years – is the "time served" for the community control violation. *Brown, supra.*

{¶30} In *State v. Richter*, 12th Dist. Clermont No. CA2014-06-040, 2014-Ohio-5396, the defendant challenged the validity of a 155-day jail term for the violation of a misdemeanor community control sanction, which was imposed to be served consecutively to a prison sentence for a felony committed while Richter was on community control. The Twelfth District recognized the trial court's authority to impose the consecutive sentence, as well as the sufficiency of the notice provided during Richter's sentencing hearing, writing:

> Admittedly, this case presents a unique situation [because it involves a consecutive sentence for a community control violation and the crime that constitutes the substance of the violation – rather than two substantive convictions]. However, as the record firmly establishes, Richter's 155-day jail term imposed by the municipal court resulting from his admitted violation of his community control sanctions was within the statutory range for a first-degree misdemeanor OVI offense. See R.C. 2929.24(A)(1). Therefore, we find the municipal court's decision to sentence Richter to serve his 155-day jail term consecutive to the 16-month prison sentence he received in the common pleas court was proper. To hold otherwise would effectively eliminate any penalty for his admitted violation of his community control sanctions through the commission of a new felony offense. That is clearly not the General Assembly's intent behind the provisions found in [the misdemeanor community control statute]. *Such a decision is further supported by the fact that Richter was explicitly informed by the municipal court at his original sentencing hearing that he would be "facing the revocation of [his] community control and all of the outstanding jail time that has not been imposed" if he were to violate his community control sanctions.*

(Emphasis added) *Id.* at 11.

{¶31} Because Appellant was on notice that any violation of the terms of her community control would result in the imposition of a two-year prison sentence, the consecutive sentence imposed in this case does not violate R.C. 2929.15(B)(3) or S.B. 2's goal of "truth in sentencing." Therefore, we find that the second part of Appellant's sole assignment of error is meritless.

{¶32} Appellant contends in the final portion of her argument that "[t]he trial court committed reversible error by not making any of the requisite findings required by R.C. 2929.14(C)(4) prior to ordering Appellant to serve a consecutive sentence." (Appellant's Brf., p. 10.) Appellant cites *Bonnell, supra*, for the position that "[w]hen imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel." *Id.* at ¶ 29, citing Crim. R. 32(A)(4). The state concedes a *Bonnell* violation but contends that we can conclude nonetheless that consecutive sentences were appropriate based on the record.

{¶33} We previously held in *Love, supra,* that a trial court may impose a sentence for a community control violation in one county to be served consecutively to the underlying sentence imposed in another county, but must fulfill its statutory obligation under R.C. 2929.14(C)(4). Contrary to the state's argument, fact-finding by the trial court is mandated by *Bonnell.* Because the trial court did not make any of the findings set forth in R.C. 2929.14(C)(4), a fact conceded by the state, Appellant's sentence must be vacated and this matter remanded for resentencing, in order for the trial court to make the required statutory findings at the sentencing hearing and in the sentencing entry pursuant to *Bonnell*, supra.

## CONCLUSION

{¶34} In summary, we find that the trial court had the authority to impose the sentence for the community control violation to be served consecutively to the sentence imposed in Jefferson County, and was under no obligation to notify Appellant that the sentence for her community control violation could be imposed consecutively to any

sentence for a future crime. However, Appellant correctly argues that the trial court did not comply with statutory requirements for the imposition of consecutive sentences. Therefore, the sentence is vacated and this matter remanded for resentencing in order to allow the trial court to engage in the required statutory analysis.

Donofrio, J., dissents with attached dissenting opinion.

Waite, P.J., concurs.

Case No. 19 HA 0003

Donofrio, J., dissenting opinion.

{¶35} I respectfully dissent from the majority opinion. For the following reasons, I would reverse the trial court's judgment and order appellant's sentence for violating community control to be served concurrently to her Jefferson County sentence.

{¶36} The majority cites *State v. Thompson*, 5th Dist. Fairfield No. 01CA62, 2002-Ohio-4717, but does not apply it. Yet, *Thompson* has facts that are very similar to this case. In *Thompson*, Thompson was originally sentenced by the Fairfield County Common Pleas Court to a suspended prison term and five years of community control. *Id.* at ¶ 3. Thompson was not advised during sentencing that any sentence he received as a result of violating community control could be served consecutively to any other sentence. *Id.* at ¶ 31. Thompson was later convicted in the Franklin County Common Pleas Court for engaging in a pattern of corrupt activity and sentenced to a six-year prison term. *Id.* at ¶ 4. After Thompson's conviction in Franklin County, the Fairfield County Common Pleas Court revoked Thompson's community control and sentenced him to a nine-month prison term to be served consecutive to his Franklin County sentence. *Id.* at ¶ 7.

{¶37} The Fifth District held that the Fairfield County Common Pleas Court's imposition of the nine-month consecutive sentence for violating community control was error for two reasons. First, Thompson was not informed at his original sentencing hearing that any sentence for violating community control could be served consecutively to any other sentence. *Id.* at ¶ 31. Second, the Fifth District presumed that the Franklin County Common Pleas Court took appellant's criminal history, including his status as a probationer at the time, into account when it sentenced him to a six-year prison term. *Id.* at ¶ 32.

{¶38} Later, in *State v. Campbell*, 162 Ohio App.3d 413, 2005-Ohio-3980, 833 N.E.2d 802 (5th Dist.), the Fifth District held that, pursuant to *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, "a trial court sentencing an offender to community-control sanctions must, at the time of the sentencing, notify the offender of the specific prison term it may impose for violations of the conditions of the sanction as a prerequisite to imposing a prison term on the offender for a subsequent violation of the conditions." *Campbell* at ¶ 5 citing *Brooks*.

Case No. 19 HA 0003

**{¶39}** In this case, appellant was not notified at her original sentencing hearing that any sentence for violating community control could be served consecutively to any other sentence she received. This fact makes *Thompson* the more applicable case. Moreover, pursuant to *Campbell* and *Brooks*, appellant was not properly notified of the specific term the trial court could impose for violations of community control because the trial court did not advise appellant that any sentence for violating community control could be imposed consecutively to any other sentence.

**{¶40}** I also find *State v. Richter*, 12th Dist. Clermont No. CA2014-06-040, 2014-Ohio-5396, which the majority relies upon, to be distinguishable. *Richter* is based in large part on R.C. 2929.25 which concerns misdemeanor community control sanctions. In this case, appellant was not on community control for a misdemeanor, she was on community control for a felony.

**{¶41}** I would find that because the trial court did not advise appellant at her original sentencing hearing that any sentence she received for violating community control could be served consecutively to any other sentence, the trial court did not have the authority to impose appellant's sentence for her community control violation consecutively to her sentence in Jefferson County. Thus, I would reverse the trial court's judgment on the consecutive sentence and would order appellant's sentence in this case to be served concurrent to her Jefferson County sentence.

_____

Appellant correctly argues that the trial court did not comply with statutory requirements for the imposition of consecutive sentences. Therefore, the sentence is vacated and this matter remanded for resentencing in order to allow the trial court to engage in the required statutory analysis. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**