[Cite as *State v. Bates*, 2021-Ohio-1966.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| JAMIE E. BATES, | : | Case No. 20-CA-015 |
| | : | 20-CA-016 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

**NUNC PRO TUNC**

CHARACTER OF PROCEEDING:        Appeal from the Holmes County
                                Court of Common Pleas, Case Nos.
                                17CR084 and 19CR063

JUDGMENT:                       Reversed and Remanded

DATE OF JUDGMENT:               June 14, 2021

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ROBERT K. HENDRIX                         DAVID M. HUNTER
Assistant Prosecuting Attorney            244 West Main Street
Holmes County, Ohio                       Loudonville, Ohio 44842
164 E Jackson Street
Millersburg, Ohio 44654

*Baldwin, J.*

{¶1}  Defendant-appellant Jamie Bates appeals her sentence issued by the Holmes County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}  On October 10, 2017, the  Holmes County Grand Jury indicted appellant in Case No. 17CR084 on one count of aggravated possession of drugs in violation of R.C. 2925.11(A) and 2925.11(C)(1)(a), a felony of the fifth degree, one count of driving under suspension in violation of R.C. 4510.16(A) and 4510.16(D)(1), an unclassified misdemeanor, one count of signals before turning or stopping in violation of R.C. 4511.39(A) and 4511.39(B),  a minor misdemeanor, one count of violation of lanes of travel on roadways in violation of R.C. 4511.33(A) and 4511.33(B),  a minor misdemeanor, one count of possession of marijuana in violation of R.C. 2925.11(A) and 2925.11(C)(3)(a),  a minor misdemeanor, and one count of illegal use or  possession of marijuana drug paraphernalia in violation of  R.C. 2925.141(C) and 2925.141(F),  a minor misdemeanor.   The indictment also contained three forfeiture specifications. At her arraignment on October 19, 2017, appellant entered a plea of not guilty to the charges.

{¶3}  On May 17, 2019, appellant withdrew her former not guilty plea and entered a plea of guilty to the offenses of aggravated possession of drugs and driving under suspension along with a forfeiture specification. The remaining charges were dismissed.

{¶4}  Pursuant to a Judgment Entry filed on July 12, 2018, appellant was sentenced to serve 180 days in jail or the Stark Regional Community Corrections Center (SRCCC) and two (2) years of community control. Appellant was advised that if she violated her community control sanctions, she could face a stated prison term of eleven

(11) months on the aggravated possession of drugs charge. Appellant also was fined $100.00.

{¶5}    On June 3, 2019, appellant was indicted by the Holmes County Grand Jury in Case No. 19CR063 on one count of theft in violation of R.C. 2913.02(A)(3) and 2913.02(B)(2), a felony of the fifth degree, and one count of forgery in violation of R.C. 2913.31(A)(1) and 2913.31(C)(1)(b), a felony of the fifth degree. At her arraignment on June 5, 2019, appellant entered a plea of not guilty to the charges.

{¶6}    As memorialized in a Judgment Entry filed on February 13, 2020, appellant was sentenced to serve six (6) months in jail and five (5) years of community control and was advised that a violation of her community control sanctions could result in a stated prison term of eleven (11) months on the forgery charge. Appellant also was ordered to pay restitution in the amount of $5,090.00

{¶7}    On July 16, 2020, the State filed a Motion to Revoke/Modify Community Control/Probation in both cases. Appellant admitted to the violations and the trial court found that she had violated the terms and conditions of her community control. On September 3, 2020, the trial court sentenced appellant for her community control violations. Appellant was ordered to serve both eleven (11) month sentences consecutively. The trial court, however, suspended the prison sentences and placed appellant back on community control.

{¶8}    Appellant now raises the following assignment of error on appeal:

{¶9}    "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES."

I

**{¶10}** Appellant, in her sole assignment of error, argues that the trial court erred in sentencing her to consecutive sentences.

**{¶11}** "An appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**{¶12}** Appellant argues that the trial court could not impose consecutive sentences on her for her violation of community control because the trial court failed to advise her of the possibility of consecutive sentences at the time of her sentencing in Case No. 19CR063.

**{¶13}** In *State v. Jones* (7th Dist.) Harrison No. 19-HA3, 2020-Ohio-762, the court held that a court need not notify a defendant, at the time it imposes a community control sanction, of the consecutive nature of the sentences. However, in imposing consecutive sentences, the trial court still must comply with R.C. 2929.14(C).

**{¶14}** R.C. 2929.14(C)(4) governs consecutive sentences and states the following:

**{¶15}** (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

**{¶16}** (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

**{¶17}** (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶18}** (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶19}** "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. "[A] word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

**{¶20}** In the case sub judice, the trial court found on the record that consecutive sentences were necessary to protect the public or to punish the offender and were not disproportionate to the seriousness of the crimes that appellant committed and the danger

that appellant posed to the public. The trial court also found that that appellant had a history of criminal conduct.

{¶21} However, we note that the trial court did not incorporate all of its R.C. 2929.14(C)(4) findings into its judgment entry. In the instant case, the sentence was not authorized by law because the court failed to incorporate the findings required by R.C. 2929.14 in its judgment entry. Because the court made the findings from the bench during the sentencing hearing, the error may be corrected by a nunc pro tunc entry pursuant to *Bonnell, supra.* However, appellant's claim that the evidence in the record does not support the imposition of consecutive sentences is not reviewable pursuant to R.C. 2953.08(D)(1). The assignment of error is accordingly sustained in part and overruled in part.

{¶22} This judgment is reversed and remanded to the trial court with instructions to correct the sentencing entry in the instant case by virtue of a nunc pro tunc order.

By: Baldwin, P.J.

Gwin, J. and

Wise, John, J. concur.