[Cite as *State v. Jones*, 2020-Ohio-3607.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## HARRISON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BROOKE E. JONES,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 HA 0003**

---

Motion to Certify a Conflict

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Motion Granted.

---

*Atty. T. Owen Beetham*, Harrison County Prosecutor and *Atty. Jeffrey J. Bruzzese*, Assistant Prosecuting Attorney, Harrison County Prosecutor's Office, 111 W. Warren Street, P.O. Box 248, Cadiz, Ohio 43907 for Plaintiff-Appellee and

*Atty. Peter Galyardt,* Assistant Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for Defendant Appellant.

Dated: July 1, 2020

**PER CURIAM.**

{¶1}   On February 26, 2020, we released our Opinion in *State v. Jones*, 7th Dist. Harrison No. 19 HA 0003, 2020 Ohio-762.  On March 6, 2020, Appellant, Brooke Jones filed a motion to certify a conflict to the Ohio Supreme Court, pursuant to App.R. 25(A). As our judgment in this case conflicts with the Second District's judgment in *State v. Ashworth*, 2nd Dist. Champaign No. 2011 CA 1, 2012-Ohio-108, 2012 WL 112663 and the Fifth District's judgment in *State v. Thompson*, 5th Dist. Fairfield No. 01-CA-62, 2002-Ohio-4717, we grant Appellant's motion and certify the conflict to the Ohio Supreme Court.

{¶2}   Appellant proposes that we certify the following issue for review:

Must the consecutive nature of a reserved prison sentence for a community-control violation be imposed at the original sentencing during which community control was imposed?

{¶3}   Motions to certify a conflict are governed by Article IV, Section 3(B)(4) of the Ohio Constitution. It provides:

Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the Supreme Court for review and final determination.

{¶4}   {¶ 3} Under Ohio law, "there must be an actual conflict between appellate judicial districts on a rule of law before certification of a case to the Supreme Court for review and final determination." *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 613 N.E.2d 1032, (1993), paragraph one of the syllabus. We have adopted the following requirements from the Supreme Court:

[A]t least three conditions must be met before and during the certification of a case to this court pursuant to Section 3(B)(4), Article IV of the Ohio

Constitution. First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law – not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.

Id. at 596.

{¶5} In this case, Appellant was convicted for one count of child endangerment in Harrison County (the original sentencing court), and received a sentence of two years, which was suspended in lieu of a five-year community control sanction. Roughly two years later, she was later convicted of a third-degree felony in Jefferson County and received a three-year sentence (the second sentencing court). Appellant's conviction in Jefferson County constituted a community control violation in Harrison County. At the hearing on the community control violation, the original sentencing court reimposed the suspended sentence to run consecutively to the three-year sentence imposed by the second sentencing court.

{¶6} Appellant first argued that the original sentencing court was without authority to impose a sentence for the community control violation that is consecutive to the Jefferson County sentence. Although the original sentencing court notified Appellant that the suspended sentence could be reimposed in the event of a community control violation, the court did not notify her that the suspended sentence could be imposed to run consecutively to any future conviction. Absent such notification, Appellant argued, in the alternative, that the original sentencing court acted outside of its statutory authority when it imposed the community control violation sentence to run consecutively with the sentence imposed in Jefferson County.

{¶7} We concluded that the original sentencing court had the statutory authority to reimpose the suspended sentence to run consecutively to the sentence for the subsequent conviction, even though no notice was provided regarding the possibility that the reimposed sentence could be imposed to run consecutively to a future conviction.

Appellant argues that our judgment conflicts with the judgments of the Second and Fifth Districts on the same issue.

{¶8} In *State v. Ashworth*, 2nd Dist. Champaign No. 2011 CA 1, 2012-Ohio-108, 2012 WL 112663, the appellant was sentenced in Franklin County to five years of community control, with a prison sentence of five years to be imposed in the event of a community control violation. Two years later, Ashworth was convicted of felony and misdemeanor charges in Champaign County. The Champaign County trial court imposed three concurrent prison terms, but ordered Ashworth to serve a fourth prison term consecutive to any penalty that the original sentencing court would later issue as a consequence for the violation of the community control restrictions.

{¶9} The Second District held that the second sentencing court has the authority to impose a sentence consecutive to the sentence to be imposed later for the community control violation. The *Ashworth* Court observed in dicta that the original sentencing court was likely without authority to impose a sentence for the community control violation to run consecutive to the second sentence.

{¶10} In *State v. Thompson*, 5th Dist. Fairfield No. 01CA62, 2002-Ohio-4717, 2002 WL 31013641, a Fairfield County trial court imposed concurrent nine-month suspended sentences for two felony convictions, and placed the defendant on community control for five years. Within a year, Thompson was convicted for a second-degree felony in Franklin County, where he received a five-year sentence on the substantive crime, as well as a one-year sentence for a probation violation in an earlier case to run consecutively. At the community control violation hearing in Fairfield County, the original sentencing court reimposed the nine-month concurrent sentences to be served consecutively to the five-year sentence imposed by the second sentencing court.

{¶11} In vacating the consecutive nature of the sentence imposed by the original sentencing court, the Fifth District relied, in part, on the defendant's statutory right to serve no greater sentence than the sentence originally imposed. With respect to the notice argument advanced here, the *Thompson* panel opined, "While we understand appellant's sentence was reimposed as a result of a probation violation, the court did not, indeed, could not indicate appellant's original sentence would be served consecutively to any other subsequent offense in the original sentencing entry." *Id.* at ¶ 31.

**{¶12}** Here, we reached the opposite conclusion, finding that the original sentencing court had the authority to reimpose the suspended sentence to run consecutively to the sentence for the second conviction. In so finding, we held that the original sentencing court was not required to notify Appellant that the suspended sentence could be reimposed to run consecutively to a sentence for a crime that had yet to be committed. We further held that Appellant was on notice that any violation of the terms of her community control, regardless of whether the underlying violation resulted in a separate term of imprisonment, could result in a two-year term of imprisonment. We further found that the sentence was not at odds with Am.Sub.S.B. No. 2's goal of "truth in sentencing," because the time sentenced was the time served – two years. *Jones, supra,* ¶ 28-29.

**{¶13}** Although Appellant's certified conflict is limited to the issue of notice, both the Second and Fifth Districts have held that only the second sentencing court has the authority to impose its sentence to run consecutively to the community control sentence. Accordingly, we certify the following – Does the original sentencing court have the authority, whether notice is provided or not, to impose a community control violation sentence to run consecutively to the second sentence, or is that authority vested exclusively in the second sentencing court?

**{¶14}** We have held that the original sentencing court has the authority to impose consecutive sentences, and is not obligated to provide notice to a defendant that the community control sentence may run consecutively to the sentence for a future conviction. The Second and Fifth Districts have held that only the second sentencing court has the authority to impose consecutive sentences. Therefore, we find that our judgment in this case conflicts with the judgments of the Second and Fifth Districts, and Appellant's motion to certify a conflict is granted as to the question:

> Does the original sentencing court have the authority, whether notice is provided or not, to impose a community control violation sentence to run consecutively to the second sentence, or is that authority vested exclusively in the second sentencing court?

Case No. 19 HA 0003

**JUDGE DAVID A. D'APOLITO**

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**