[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Jones*, Slip Opinion No. 2022-Ohio-4485.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-4485

THE STATE OF OHIO, APPELLEE, *v.* JONES, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Jones*, Slip Opinion No. 2022-Ohio-4485.]

*When a court revokes community control, it may require that the reserved prison term be served consecutively to any other sentence then existing or then being imposed but only if at the time it imposed community control, it notified the offender that a consecutive sentence on revocation of community control was a possibility.*

(Nos. 2020-0485 and 2020-0826—Submitted April 27, 2021—Decided December 15, 2022.)

APPEAL from and CERTIFIED by the Court of Appeals for Harrison County, No. 19 HA 0003, 2020-Ohio-762 and 2020-Ohio-3607.

_____

**BRUNNER, J.**

## I. INTRODUCTION

{¶ 1} This case is before us as a discretionary appeal and a certified-conflict question involving criminal-sentencing law. A conflict exists between decisions of several courts of appeals on the question whether a trial court, when imposing a prison sentence that it had previously notified the offender could be imposed upon revocation of community control ("reserved prison term"), may require that the sentence be served consecutively to other sentences being served by the offender. The conflict in this case also raises the question whether a trial court has authority to impose a reserved prison term as a consecutive sentence when it revokes community control. Specifically, we address whether in order to have that authority, the court had to have notified the offender of a potential consecutive sentence at the time it imposed community control.

{¶ 2} We conclude that when a court revokes community control, it may require that the reserved prison term be served consecutively to any other sentence then existing or then being imposed but only if at the time it imposed community control, it notified the offender that a consecutive sentence on revocation of community control was a possibility. This does not mean that a trial court must notify an offender of the possibility of consecutive sentences in every instance but that in any case in which it does not provide such notice, imposing a consecutive sentence is not available to that court if community control is later revoked. Thus, if an offender who is on community control is convicted and sentenced to prison for a new offense, the revocation proceeding in the original case may not result in a prison sentence that runs consecutively to the new prison sentence if no mention of consecutive sentences was made as part of the original sentence for community control.

## II. FACTS AND PROCEDURAL HISTORY

{¶ 3} On October 13, 2015, appellant, Brooke Jones, was indicted in Harrison County for drug offenses, endangering children, and tampering with evidence. A year later, on November 4, 2016, following Jones's plea of guilty to endangering children, the trial court sentenced her to five years of community control with a two-year prison sentence reserved. The remaining charges were dismissed. Before the court accepted Jones's plea and sentenced her, it reviewed with her the terms of the plea, which included the term that if she were already on probation, parole, or a community-control sanction at the time of the plea, the plea could result in revocation proceedings and a new sentence that could run consecutively to whatever prison term the court imposed as a result of her plea. But regarding the term of community control that the court could (and ultimately did) impose following her plea, Jones was advised only as follows:

> I understand if I violate the terms and conditions of a community control sanction this Court may extend the time for which I'm subject to the sanctions up to a maximum of five years, impose a more restrictive sanction, or imprison me for the maximum term stated allowed for the offense as set out above.

In other words, there is no indication in the record that Jones was advised that if she violated the terms of her community control, she might be ordered to serve the two-year reserved prison term consecutively to any other sentences.

{¶ 4} Over a year later, on February 14, 2018, the state alleged that Jones had failed to complete an education requirement of her community-control term and it moved for the court to revoke her community control. On May 22, 2018, the trial court found that Jones had violated her community control, but it did not

revoke it; instead, the court continued her community control under a zero-tolerance policy for further violations and required Jones to serve 30 days in jail.

{¶ 5} On July 24, 2018, the state again moved to revoke Jones's community control—this time as a result of a new charge in Jefferson County of complicity to commit aggravated robbery. Though the state, nearly six months later, on January 9, 2019, sought to withdraw its motion to revoke, the trial court, citing the zero-tolerance policy it had imposed as a result of Jones's prior violation, declined to permit the state to withdraw its motion.

{¶ 6} On March 11, 2019, following a hearing on March 5, the trial court revoked Jones's community control. The revocation was based on Jones's conviction for robbery in the Jefferson County case, for which she had received a three-year prison term. *See State v. Jones*, Jefferson C.P. No. 18CR00129 (Dec. 11, 2018). Jones's counsel argued that the Harrison County trial court could not impose the two-year reserved prison term consecutively to the three-year term imposed in the Jefferson County case unless at the time the Harrison County trial court initially imposed community control, it notified Jones that it might require that the reserved prison term be served consecutively to other sentences. The trial court rejected that argument and ordered Jones to serve the reserved two-year sentence consecutively to the three-year sentence imposed in the Jefferson County case.

{¶ 7} Jones appealed to the Seventh District Court of Appeals. She argued that the trial court in Harrison County could not impose a consecutive sentence to the sentence imposed by the Jefferson County court. *See* 2020-Ohio-762, 152 N.E.3d 865, ¶ 12. The appellate court held that the trial court had authority to impose a consecutive sentence for the community-control violation and was under no obligation at the time it imposed community control to notify Jones that sentencing upon revocation could include a consecutive sentence. *Id.* at ¶ 34. However, because the trial court did not make the findings necessary under R.C.

2929.14(C)(4) to impose consecutive sentences, the court of appeals vacated the sentence and remanded the case to permit the trial court to engage in the required analysis. *Id.*

{¶ 8} In a subsequent decision, the Seventh District recognized a conflict between its decision and two decisions of other districts, *State v. Ashworth*, 2d Dist. Champaign No. 2011 CA 1, 2012-Ohio-108, and *State v. Thompson*, 5th Dist. Fairfield No. 01CA62, 2002-Ohio-4717. It stated the conflict question as follows: "Does the original sentencing court have the authority, whether notice is provided or not, to impose a community control violation sentence to run consecutively to the second sentence, or is that authority vested exclusively in the second sentencing court?" 2020-Ohio-3607, ¶ 14.

{¶ 9} Jones had already filed a jurisdictional appeal with this court, case No. 2020-0485, at the time the Seventh District certified a conflict to this court. We determined that a conflict exists, accepted the jurisdictional appeal, and consolidated the certified-conflict case, case No. 2020-0826, with the jurisdictional appeal. 159 Ohio St.3d 1480, 2020-Ohio-4053, 150 N.E.3d 974; 159 Ohio St.3d 1481, 2020-Ohio-4053, 150 N.E.3d 975. This appeal now proceeds on the similar question raised in both cases.

### III. DISCUSSION

{¶ 10} We have stated that "[p]ursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, paragraph two of the syllabus. The language in R.C. 2929.19(B)(5) that this court relied on in *Brooks* is now reflected in R.C. 2929.19(B)(4):

The court shall notify the offender that, if the conditions of the sanction are violated, * * * the court * * * may impose a prison term on the offender and shall indicate the range from which the prison term may be imposed as a sanction for the violation, which shall be the range of prison terms for the offense that is specified pursuant to section 2929.14 of the Revised Code and as described in section 2929.15 of the Revised Code.

*See Brooks* at ¶ 6; 2011 Am.Sub.H.B. No. 86 (recodifying R.C. 2929.19(B)(5) as R.C. 2929.19(B)(4)). However, at the time Jones was initially sentenced to community control and at the time her community control was revoked, the statute contained different language:

The court shall notify the offender that, if the conditions of the sanction are violated, * * * the court * * * may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code.

*See* former R.C. 2929.19(B)(4), as amended by 2012 Am.Sub.S.B. No. 337 (effective Sept. 28, 2012) and as amended by 2018 Am.Sub.S.B. No. 66 (effective Oct. 29, 2018). We apply this version of R.C. 2929.19(B)(4) but will note the differences between the prior version and the current version when appropriate.

{¶ 11} The question in this case is whether at the time a court imposes community control, it must notify the offender that a consecutive sentence is a possibility on revocation of community control in order for the court to have the

authority, on revocation, to require that the reserved prison term be served consecutively with another prison sentence. The answer to that question is yes.

{¶ 12} In Ohio, multiple sentences of imprisonment are generally presumed to run concurrently, R.C. 2929.41(A), except in certain circumstances not applicable here, *see, e.g.*, R.C. 2929.14(C)(1) through (3). A trial court must make particularized findings to justify its use of discretion to impose consecutive sentences. R.C. 2929.14(C)(4). This also means that a trial court may make the necessary findings and "order a prison sentence to be served consecutively to a prison sentence previously imposed on the same offender by another Ohio court." *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, ¶ 1. When an offender is sentenced to community control for one or more felony convictions, the offender must be notified at the time of sentencing of the specific prison term (or, under the present version of the statute, "the range of prison terms") that could be imposed if the offender does not successfully complete the conditions of community control. R.C. 2929.19(B)(4) (present and former versions). Thus, the reserved prison term is stated, but it is not imposed at that point. *State v. Howard*, 162 Ohio St.3d 314, 2020-Ohio-3195, 165 N.E.3d 1088, ¶ 25 ("disagree[ing] with the Tenth District's conclusion that when the trial court revoked Howard's community control it 'did not literally sentence Howard' and instead 'enforced the sentence previously imposed' "). Since the "reserved" prison term is a not-yet-imposed potential future sentence, it is neither required of nor sufficient for a court to make findings under R.C. 2929.14(C)(4) at the time it imposes community control to justify potential future consecutive sentences in the event of revocation. *Id.* at ¶ 25, 27. Further,

> the grant of discretion to a trial court concerning the imposition of a *consecutive sentence* is based upon the premise that the other sentence is either one being imposed by the trial court at that time

or is a sentence previously imposed, even if by another court, and is
not a sentence *in futuro*.

* * *

When a trial court imposes a sentence and *orders it* to be
served consecutively with any future sentence to be imposed, it
appears that such a sentence interferes with the discretion granted
the second trial judge to fashion an appropriate sentence or
sentences pursuant to the provisions of the Revised Code.

(Emphasis added.)  *State v. White*, 18 Ohio St.3d 340, 342-343, 481 N.E.2d 596
(1985).  In short, a sentence or sentence range of which the offender is given notice
at the time community control is imposed is, at that time, a hypothetical or potential
future sentence—it has not yet been imposed.  This principle demonstrates that the
conflict cases at issue here are no longer the law.

{¶ 13} In the first conflict case, *Ashworth*, 2012-Ohio-108, the Second
District Court of Appeals confronted a situation in which the defendant had been
sentenced to five years of community control by the Franklin County Court of
Common Pleas, with a five-year prison term reserved in the event of a future
revocation.  *Id.* at ¶ 1.  Subsequently, the Champaign County Court of Common
Pleas imposed a sentence for a felony conviction in a separate case and ordered that
sentence to be served consecutively to the Franklin County trial court's reserved
five-year prison term.  *Id.*  The Second District affirmed the sentence, holding that
"when a court imposes a prison sentence for a felony conviction, the court may
order that the sentence be served consecutive to a prison sentence that has been
announced although not yet enforced because the offender is on community control
in that county."  *Id.* at ¶ 2.  This holding conflicts with the principle in *White* and
*Howard* that a reserved prison term is not considered imposed until it is actually

8

imposed and thus is not available as a sentence for the purposes of consecutive sentencing. Consequently, *Ashworth* is no longer good law.

{¶ **14**} In the other conflict case, *Thompson*, 2002-Ohio-4717, a defendant had been placed on community control by the Fairfield County Court of Common Pleas for five years, with two concurrent nine-month reserved prison terms. *Id.* at ¶ 2-3. Within a year, the defendant was convicted of an unrelated crime in the Franklin County Court of Common Pleas and sentenced to five years in prison (in addition to one consecutive year also imposed by the Franklin County trial court as a result of a probation violation in another Franklin County case). *Id.* at ¶ 3-4. As a consequence of the new conviction, the defendant's community control was revoked by the Fairfield County trial court and he was ordered to serve the concurrent nine-month prison terms that it had previously reserved consecutively to the five-year term of imprisonment imposed by the Franklin County court. *Id.* at ¶ 5-7. The Fifth District Court of Appeals concluded that although the Franklin County trial court could have ordered that the five-year sentence be served consecutively to Fairfield County's reserved nine-month concurrent prison terms, the Fairfield County trial court could not alter the reserved, concurrent nine-month prison terms by having them run consecutively to the five-year term. *Id.* at ¶ 29-32. Under the law as it presently exists, this reasoning is incorrect. The Franklin County trial court could not have imposed the five-year prison term consecutively to the reserved nine-month prison terms, because those prison terms had not yet been imposed. *Howard* at ¶ 25; *White* at 342-343. *Thompson* is therefore also not the law.

{¶ **15**} Thus, *Ashworth* and *Thompson* are undermined by case law from this court such that neither opinion states what the law is today. What is key is the nature of a reserved prison term. A reserved prison term is a potential future sentence but is not a contemporaneous sentence with a sentence of community control; the original sentence is community control, period. *Howard*, 162 Ohio

St.3d 314, 2020-Ohio-3195, 165 N.E.3d 1088, ¶ 25. Neither *Ashworth* nor *Thompson* correctly addresses whether a court must include notice that the reserved prison term may be imposed as a consecutive sentence in order to have the option of later ordering that the sentences be served consecutively. We resolve that issue today and conclude that a reserved prison term may be ordered to be served consecutively to any other sentence at a community-control-revocation hearing if notice was given when the prison term was reserved that the term could be required to be served consecutively to another prison term at the time of revocation. This is not to say that such notice *must* be given. Rather, the notice must be given if the trial court wants to later have the option to impose a consecutive sentence if, in its discretion, a consecutive sentence is necessary to fulfill the purposes and principles of felony sentencing. *See* R.C. 2929.11.[1]

{¶ 16} We note that there is no explicit statutory requirement that a trial court include a notification about the concurrent or consecutive nature of a reserved prison term when it notifies an offender sentenced to community control of the

---

1. R.C. 2929.11 provides:

> (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
> (B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
> (C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender.

length of the reserved prison term. However, contextual statutory considerations suggest that a lack of such notice implies that the reserved prison term will be concurrent. First, prison terms are generally presumed to be concurrent. R.C. 2929.41(A). Second, sentences of community control with reserved prison terms are given typically for less serious crimes, which would generally not, in the first instance, justify a consecutive sentence. *Compare, e.g.,* R.C. 2929.13(B)(1) *with* R.C. 2929.14(C)(1) through (4). Third, R.C. 2929.19(B)(2)(b) requires a court imposing sentences for multiple counts to specify with regard to each sentence whether it is to be concurrently or consecutively served.[2] Together these considerations suggest that in the absence of notice to an offender that a reserved prison term may be consecutive, a concurrent term should be presumed, in accordance with R.C. 2929.41(A).

{¶ 17} Also, as noted above, the version of R.C. 2929.19(B)(4) in effect at the time Jones was sentenced to community control explicitly required that a court notify an offender of "the *specific prison term* that may be imposed as a sanction for [a] violation [of the conditions of community control]." (Emphasis added.) Former R.C. 2929.19(B)(4), 2012 Am.Sub.S.B. No. 337. And the statute still requires that the sentencing court give the offender notice of "the range from which the prison term may be imposed." R.C. 2929.19(B)(4). Under the versions of R.C. 2929.15(B)(3) in effect when Jones was sentenced to community control and when she was sentenced to serve the reserved prison term, if a trial court revoked community control, it was required not to "exceed the *prison term specified in the notice* provided to the offender at the sentencing hearing." (Emphasis added.) Former R.C. 2929.15(B)(3), as amended by 2016 Sub.H.B. No. 110 (effective Sept.

---

2. R.C. 2929.19(B)(2)(b)'s requirement that a court imposing sentences for multiple counts specify with regard to each sentence whether it is to be concurrently or consecutively served is not directly applicable to the community-control notices, since giving notice of a reserved sentence is not the same thing as imposing it. *See Howard*, 162 Ohio St.3d 314, 2020-Ohio-3195, 165 N.E.3d 1088, at ¶ 25.

13, 2016) and as amended by 2018 Am.Sub.S.B. No. 66 (effective Oct. 29, 2018); *see also Howard* at ¶ 13-14. And even under the current statute, the prison term that a trial court imposes after revoking community control must "not exceed a prison term from the range of terms specified in the notice provided to the offender at the sentencing hearing." R.C. 2929.15(B)(3). "Prison term" means the "combination of all prison terms and mandatory prison terms imposed by the sentencing court." R.C. 2929.01(BB)(1)(a) and (FF)(1). Taking these statutes together, in the context of the presumption of concurrent sentences, we hold that a trial court may not impose a consecutive prison sentence on revocation if it did not previously notify the offender that the reserved prison term (whether the notice is of a "specific prison term" under the former version of R.C. 2929.19(B)(4) or a "range of prison terms" under the current version of R.C. 2929.19(B)(4)) could be imposed as a consecutive sentence. This is because a trial court must notify an offender of the "specific prison term" (or range of prison terms) to be imposed and when sentencing the offender after revocation, the court cannot exceed the prison term (or range or prison terms) previously specified. R.C. 2929.15(B)(3). Thus, in the absence of notice of potential consecutive sentences for one or more reserved prison terms when sentencing an offender to community control, the prison term or terms imposed at the time of revocation may be no more than what was stated for the reserved prison term when community control was imposed. And when a reserved prison term or terms are imposed in the context of an existing prison term, a court may not require that they be served consecutively unless notice of a potential consecutive sentence was given at the time of sentencing to community control. Absent such prior notice, the reserved prison sentence must be imposed to run concurrently with the existing prison term. R.C. 2929.15(B)(3) and 2929.41(A).

{¶ 18} Accordingly, we hold that the trial court in this case was not authorized to impose a consecutive prison term on Jones, because she had not received prior notice that she might be ordered to serve the prison term

consecutively. We reverse the portion of the Seventh District's judgment remanding the cause to the trial court for it to determine whether consecutive sentences were permitted under R.C. 2929.14(C)(4).[3]

## IV. CONCLUSION

{¶ 19} For the reasons expressed in this opinion, we affirm the portion of the Seventh District Court of Appeals' judgment vacating Jones's sentence. We reverse that portion of the Seventh District's judgment remanding the case to the trial court for it to engage in the statutory analysis required before imposing consecutive sentences. Instead, we remand the case to the trial court for it to impose a concurrent sentence.

Judgment affirmed in part

and reversed in part

and cause remanded to the trial court.

O'CONNOR, C.J., and DONNELLY and STEWART, JJ., concur.

KENNEDY, J., concurs in part and dissents in part, with an opinion joined by FISCHER and DEWINE, JJ.

———————————

**KENNEDY, J., concurring in part and dissenting in part.**

{¶ 20} I agree with the majority that a "reserved prison term may be ordered to be served consecutively to any other sentence at a community-control-revocation hearing." Majority opinion, ¶ 15. However, I part ways with the majority opinion in its determination that the trial court's authority to order consecutive sentences depends on whether the court advised the offender at the time community control was imposed that consecutive sentences could be imposed on revocation. The plain language of former R.C. 2929.19(B)(4), 2012 Am.Sub.S.B. No. 337, does not

_____

3. We do agree with the Seventh District that the R.C. 2929.14(C)(4) findings necessary to impose consecutive sentences must be made when imposing consecutive sentences after a revocation of community control.

require a court to provide notice to the offender at the time community control is imposed that a reserved prison term may be ordered to be served consecutively to any other sentence. Therefore, I concur in part and dissent in part and would affirm the judgment of the Seventh District Court of Appeals in full.

{¶ 21} I agree with the facts as set forth in the majority opinion and rely on those facts here.

### APPLICABLE VERSION OF THE STATUTE

{¶ 22} At the time that appellant, Brooke Jones, was initially sentenced to community control, R.C. 2929.19(B)(4), stated:

> If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code.

Former R.C. 2929.19(B)(4), 2012 Am.Sub.S.B. No. 337.

{¶ 23} While the majority recognizes that former R.C. 2929.19(B)(4) is applicable, it nevertheless discusses the current version of R.C. 2929.14(B)(4), 2021 Am.Sub.H.B. No. 110, which became effective on September 30, 2021.

14

However, this version is inapplicable here. Therefore, this opinion will address only the controlling version of the statute.

## LAW AND ANALYSIS

### *Standard of review—Statutory construction*

**{¶ 24}** The question before the court is a question of statutory interpretation. De novo review applies to questions of statutory interpretation. *Ceccarelli v. Levin*, 127 Ohio St.3d 231, 2010-Ohio-5681, 938 N.E.2d 342, ¶ 8. A court's main objective is to determine and give effect to the legislative intent. *State ex rel. Solomon v. Police & Firemen's Disability & Pension Fund Bd. of Trustees*, 72 Ohio St.3d 62, 65, 647 N.E.2d 486 (1995). "The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact." *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902), paragraph two of the syllabus. "When the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said," *Jones v. Action Coupling & Equip., Inc.*, 98 Ohio St.3d 330, 2003-Ohio-1099, 784 N.E.2d 1172, ¶ 12, and apply the statute as written, *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, ¶ 18, citing *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 11.

### *Legislative authority to enact sentences, generally*

**{¶ 25}** The constitutional authority to legislate was conferred solely on the General Assembly, Article II, Section 1, Ohio Constitution, and it is the province of the General Assembly to make policy decisions, *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 212. It is undisputed that "[j]udicial policy preferences may not be used to override valid legislative enactments." *State v. Smorgala*, 50 Ohio St.3d 222, 223, 553 N.E.2d 672 (1990).

**{¶ 26}** The legislature "is vested with the power to define, classify, and prescribe punishment for offenses committed in Ohio." *State v. Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, ¶ 12. "Judges have no inherent power to

create sentences" and instead "are duty-bound to apply sentencing laws as they are written." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 22, *overruled on other grounds*, *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, citing Griffin & Katz, *Ohio Felony Sentencing Law*, Section 1:3, at 4, fn. 1 (2008). The issue before the court is whether a trial court, at the time community control is imposed, must notify the offender that a consecutive sentence is a possibility on revocation of community control for the court to have the authority to require the reserved prison term to be served consecutively with another prison term on revocation. The majority states that the answer to that question is yes. I disagree.

*Former R.C. 2929.14(B)(4) is unambiguous*

{¶ 27} The majority never states whether the language of former R.C. 2929.19(B)(4) is unambiguous. However, it is.

{¶ 28} The plain language of former R.C. 2929.19(B)(4), which is set forth above, does not require a trial court to notify an offender at the time community control is imposed that a consecutive sentence on revocation of community control is a possibility. Rather, the only notice requirement in the plain language of former R.C. 2929.19(B)(4) is that the court notify the offender of the specific prison term that may be imposed upon revocation of community control. As the court stated in *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, paragraph two of the syllabus, a "trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation."

{¶ 29} The majority recognizes that the notice requirement in the statute is limited: "[T]here is *no explicit statutory requirement that a trial court include a notification* about the concurrent or consecutive nature of a reserved prison term

16

*when it notifies an offender sentenced to community control of the length of the reserved prison term.*" (Emphasis added). Majority opinion at ¶ 16. And that should end the analysis.

{¶ 30} When the words of a statute are free of ambiguity and express plainly and distinctly the sense of the lawmaking body, the courts should look no further in their efforts to determine the intent of the General Assembly. *Smorgala*, 50 Ohio St.3d at 223, 553 N.E.2d 672. There is no ambiguity in the language of former R.C. 2929.19(B)(4), and the majority should simply apply that plain language here. But to get to the result the majority wants, it engages in circular reasoning and adds words to the statute.

*The majority adds words to former R.C. 2929.19(B)(4)*

{¶ 31} The majority states that contextual statutory considerations "suggest that in the absence of notice to an offender that a reserved prison term may be consecutive, a concurrent term should be presumed, in accordance with R.C. 2929.41(A)." Majority opinion at ¶ 16. But that is not what the legislature said.

{¶ 32} To reach its conclusion, the majority must add the following words to the statute: "when a court does not give an offender notice at the time community control is imposed of the possibility of the imposition of consecutive sentences, the court is limited to ordering a concurrent sentence." Had the General Assembly intended to limit the trial court's discretion in that way it would have included language to that effect. But the legislature did not. By adding language to the statute, the majority becomes the legislature, which violates the separation-of-powers doctrine. *See v. Smorgala* at 223.

**CONCLUSION**

{¶ 33} "[T]he only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law." *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964). "It

is not the role of the courts 'to establish legislative policies or to second-guess the General Assembly's policy choices.' " *Stetter v. R.J. Corman Derailment Servs., L.L.C.*, 125 Ohio St.3d 280, 2010-Ohio-1029, 927 N.E.2d 1092, ¶ 35, quoting *Groch*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 212. This court must respect the fact that the constitutional authority to legislate was conferred solely on the General Assembly, Article II, Section 1, Ohio Constitution.

**{¶ 34}** The plain language of former R.C. 2929.19(B)(4) does not require the court to provide notice to the offender at the time community control is imposed that a reserved prison term may be ordered to be served consecutively to any other sentence at a community-control-revocation hearing. Because the majority holds otherwise, I concur in part and dissent in part in its judgment and would affirm the judgment of the Seventh District Court of Appeals in full.

FISCHER and DEWINE, JJ., concur in the foregoing opinion.

_____

Lauren E. Knight, Harrison County Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Peter Galyardt, Assistant Public Defender, for appellant.

_____