[Cite as *State v. Otero*, 2024-Ohio-952.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                                :

    Plaintiff-Appellee,                 :

                                    Nos. 113069 and 113307

    v.                                          :

SAMUEL OTERO,                                :

    Defendant-Appellant.             :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, VACATED IN PART,
                  AND REMANDED
**RELEASED AND JOURNALIZED:** March 14, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-661779-A, CR-21-666124-A, CR-22-668767-A, CR-22-671192-A,
and CR-22-671241-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Alan Dowling, Assistant Prosecuting
Attorney, *for appellee.*

P. Andrew Baker, *for appellant.*

MARY EILEEN KILBANE, P.J.:

{¶ 1} In this consolidated appeal, defendant-appellant Samuel Otero ("Otero") appeals from his sentences for failure to comply, attempted grand theft,

and theft following a guilty plea. For the reasons that follow, we affirm in part, vacate in part, and remand.

**Factual and Procedural History**

{¶ 2} This appeal stems from five separate criminal cases, all of which were resolved by guilty pleas.

{¶ 3} In Cuyahoga C.P. No. CR-21-661779-A ("Case A"), on August 13, 2021, a Cuyahoga County Grand Jury charged Otero with one count of failure to comply in violation of R.C. 2921.331(B) with a furthermore specification, a third-degree felony; two counts of drug possession in violation of R.C. 2925.11(A), fifth-degree felonies; one count of driving while under the influence in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor; and one count of driving while under the influence in violation of R.C. 4511.19(A)(1)(d), a first-degree misdemeanor.

{¶ 4} In Cuyahoga C.P. No. CR-21-666124-A ("Case B"), on December 17, 2021, a Cuyahoga County Grand Jury charged Otero with one count of grand theft in violation of R.C. 2913.02(A)(1), a fourth-degree felony; one count of theft in violation of R.C. 2913.02(A)(1), a fifth-degree felony; one count of theft in violation of R.C. 2913.02(A)(1), a first-degree misdemeanor; and one count of failure to stop after an accident in violation of R.C. 4549.02(A)(1), a first-degree misdemeanor.

{¶ 5} In Cuyahoga C.P. No. 22-668767-A ("Case C"), on May 12, 2022, a Cuyahoga County Grand Jury charged Otero with one count of burglary in violation

of R.C. 2911.12(B), a fourth-degree felony; and one count of drug possession in violation of R.C. 2925.11(A), a fourth-degree felony.

{¶ 6} In Cuyahoga C.P. No. 22-671192-A ("Case D"), on June 13, 2022, a Cuyahoga County Grand Jury charged Otero with one count of domestic violence in violation of R.C. 2919.25(A), a third-degree felony, with a furthermore specification; and one count of abduction in violation of R.C. 2905.02(A)(2), a third-degree felony.

{¶ 7} On July 14, 2022, a pretrial hearing was held in Cases A, B, C, and D. At the outset of this hearing, the state informed the court that the parties had reached a resolution on Cases A, B, and C; the parties were still negotiating with respect to Case D; and a fifth case, Cuyahoga C.P. No. 22-671241-A ("Case E"), was pending but Otero had not yet been indicted.

{¶ 8} The proposed plea agreement in Case A was that Otero would plead guilty to failure to comply, one count of drug possession, and one count of driving while under the influence. The remaining two counts would be dismissed. In Case B, the proposed plea agreement was that Otero would plead guilty to one amended count of attempted grand theft, one count of theft, and one count of failure to stop after an accident. The remaining counts would be dismissed. In Case C, the proposed plea agreement was that Otero would plead guilty to an amended count of attempted burglary, a fifth-degree felony, and an amended count of drug possession, a fifth-degree felony.

{¶ 9} Defense counsel confirmed that this was his understanding of the plea agreement. The court then engaged Otero in a Crim.R. 11 plea colloquy and accepted his guilty pleas to the charges outlined above.

{¶ 10} On July 22, 2022, in Case E, a Cuyahoga County Grand Jury charged Otero with four counts of drug possession in violation of R.C. 2925.11(A), fifth-degree felonies.

{¶ 11} On August 18, 2022, the court held a sentencing hearing in Cases A, B, and C. At the outset of this hearing, the state informed the court that the parties had reached an agreement as to a plea deal for Cases D and E. The court elected to proceed with the change-of-plea hearing in those cases and then proceeded to sentencing for all five cases.

{¶ 12} The state outlined the terms of the plea agreement as follows: in Case D, Otero would plead guilty to an amended count of attempted domestic violence, and in Case E, Otero would plead guilty to two counts of drug possession. The remaining charges would be dismissed. Defense counsel confirmed that this was his understanding of the plea agreement. The court then engaged Otero in a Crim.R. 11 plea colloquy and informed him that the sentences for Cases D and E could be run consecutively. With respect to the prison sentence that Otero faced if he violated the terms of his community control, the court stated with respect to Case A that "[a]ny violation of the Court's order as to this case will result in the imposition of 36 months in prison." The court did not further specify what sentences Otero faced in the other cases, nor did it mention that suspended prison sentences could be ordered to be

served consecutively. The court then accepted Otero's guilty pleas to the charges outlined above.

{¶ 13} The court then proceeded with sentencing on all five cases. Defense counsel addressed the court and requested that Otero be sentenced to community-control sanctions and be given the opportunity to complete an inpatient drug treatment program. Otero also addressed the court and spoke about his drug addiction. The assistant prosecuting attorney also addressed the court, as did the victim in Case B, who asked the court for restitution related to her car that was stolen by Otero.

{¶ 14} The court ultimately sentenced Otero to five years of community-control sanctions and suspended prison sentences in each case as follows: three years suspended in Case A; one year suspended in Case B; one year suspended in Case C; one year suspended in Case D; and one year suspended in Case E. The court also ordered Otero to complete inpatient treatment and imposed numerous conditions and requirements on Otero that are not relevant to the instant appeal.

{¶ 15} On August 25, 2022, Otero was transported to a facility for inpatient treatment. On September 6, 2022, Otero was unsuccessfully discharged from that program. On September 22, 2022, the court held a probation-violation hearing. After hearing from the parties, the court found Otero to be in violation of his probation and placed him in a different inpatient facility.

{¶ 16} Otero proceeded to repeatedly violate the terms of probation, and the court held subsequent violation hearings on November 28, 2022, February 22,

2023, April 17, 2023, May 22, 2023, and August 2, 2023. The court was patient with Otero, giving him repeated chances to undergo inpatient treatment, and continued to reinstate Otero's probation until the August 2, 2023 hearing. At that time, the court found Otero in violation of the terms of his probation. The court proceeded to impose all of the suspended prison time and ordered each sentence to be run consecutively for a total prison term of seven years.

{¶ 17} Otero filed a notice of appeal and presents three assignments of error for our review:

> I. The trial court erred in imposing consecutive sentences when defendant-appellant was not told this was a possibility.
>
> II. The trial court erred by imposing prison as to all counts.
>
> III. Defendant-appellant's sentences must be reversed due to ineffective assistance of counsel.

**Law and Analysis**

**I. Consecutive Sentences**

{¶ 18} In Otero's first assignment of error, he argues that the trial court erred in imposing consecutive sentences where the trial court did not inform Otero of the potential of consecutive sentences. Specifically, Otero argues that a trial court may not impose a consecutive sentence on revocation if it did not previously notify the offender of the reserved prison term.

{¶ 19} The state concedes that the trial court was not permitted to "stack" Otero's sentences following his probation violations because it did not previously notify him of this possibility.

{¶ 20} The Ohio Supreme Court resolved this issue in *State v. Jones*, 171 Ohio St.3d 496, 2022-Ohio-4485, 218 N.E.3d 867. There, the court concluded that

> [w]hen a court revokes community control, it may require that the reserved prison term be served consecutively to any other sentence then existing or then being imposed but only if at the time it imposed community control, it notified the offender that a consecutive sentence on revocation of community control was a possibility. This does not mean that a trial court must notify an offender of the possibility of consecutive sentences in every instance but that in any case in which it does not provide such notice, imposing a consecutive sentence is not available to that court if community control is later revoked.

*Jones* at ¶ 2.

{¶ 21} Upon review of the record, we agree with the parties that the trial court did not notify Otero that, in the case that his community control was revoked and his suspended sentences were imposed, the court could order those sentences to run consecutively. While the trial court admonished Otero at various points throughout the extensive proceedings in this case that he would be facing "a lot of prison," the only mention of consecutive sentences came when the court reiterated that one of the terms of the plea agreement in Cases D and E was that the offenses to which he was pleading guilty were not allied offenses of similar import, meaning that they could be sentenced consecutively. Further, the trial court explicitly told Otero that a probation violation would result in a 36-month prison sentence. These statements do not satisfy the rule laid out in *Jones*.

{¶ 22} Because the trial court did not properly notify Otero that his suspended sentences could be imposed consecutively, we sustain Otero's first

assignment of error. Otero's sentence is vacated, and the case is remanded for the trial court to impose a sentence in accordance with this opinion and *Jones*.

## II. Imposition of Prison

{¶ 23} In Otero's second assignment of error, he argues that the trial court erred by imposing prison on all counts. Specifically, Otero asserts that because the trial court did not properly advise him of the specific sentence that would be imposed upon revocation pursuant to R.C. 2929.19(B)(4), the imposition of his prison sentences was error.

{¶ 24} R.C. 2929.19(B)(4) states:

> If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated * * * the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the range from which the prison term may be imposed as a sanction for the violation, which shall be the range of prison terms for the offense that is specified pursuant to section 2929.14 of the Revised Code and as described in section 2929.15 of the Revised Code.

{¶ 25} Otero cites this court's decision in *State v. Lenhart*, in which this court found that the trial court erred where it originally suspended a three-year sentence and, following a community-control violation, imposed a three-year prison term. *State v. Lenhart*, 8th Dist. Cuyahoga No. 108938, 2020-Ohio-2727. While the trial court had previously notified the defendant that if he violated the terms of his probation, he could be sentenced to prison, at no point did the trial court notify

the defendant of what that potential prison term would be. Therefore, this court vacated the sentence.

{¶ 26} Unlike *Lenhart*, the trial court here notified Otero of the specific prison sentence he would face if he violated the terms of his community control. With respect to the three-year suspended sentence in Case A, the trial court stated that it was suspending a three-year sentence and stated unequivocally that "[a]ny violation of the Court's order as to this case will result in the imposition of 36 months in prison." With respect to each of the one-year suspended sentences for the other four cases, the court stated that it was imposing community control with the same conditions imposed in Case A and stated that it was suspending a one-year prison term. To the extent that the trial court did not explicitly inform Otero that he faced imposition of the suspended one-year prison terms in the event that he violated the terms of his community control, we find any error harmless. Pursuant to our disposition of Otero's first assignment of error, the trial court's imposition of consecutive sentences was contrary to law, and therefore the proper sentence for Otero on remand is three years. Thus, the fact that the trial court did not explicitly specify the prison term Otero would face in each case for a violation does not amount to an error warranting reversal on appeal. Therefore, Otero's second assignment of error is overruled.

### III. Ineffective Assistance of Counsel

{¶ 27} In his third assignment of error, Otero argues that his sentences must be reversed due to ineffective assistance of counsel. Specifically, Otero argues that

because the imposition of consecutive sentences was error as articulated in his first assignment of error, his counsel's failure to object to the imposition of consecutive sentences constituted ineffective assistance of counsel.

{¶ 28} Article I, Section 10 of the Ohio Constitution and the Sixth Amendment to the United States Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. The United States Supreme Court has recognized that "the right to counsel is the right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 29} To establish ineffective assistance of counsel, Otero must demonstrate that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced him so as to deprive him of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 98, citing *Strickland* at 687. The failure to prove either prong of this two-part test makes it unnecessary for a court to consider the other prong. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000), citing *Strickland* at 697. In evaluating a claim of ineffective assistance of counsel, a court must be mindful that there are countless ways for an attorney to provide effective assistance in a given case and it must give great deference to counsel's performance. *Id.* at 689.

{¶ 30} With respect to the first prong, we note initially that "'[t]he failure to object to error, alone, is not enough to sustain a claim of ineffective assistance of counsel.'" *State v. Fears*, 86 Ohio St.3d 329, 347, 715 N.E.2d 136 (1999), quoting

*State v. Holloway*, 38 Ohio St.3d 239, 244, 527 N.E.2d 831 (1988). Here, Otero argues that his counsel should have objected to the imposition of consecutive sentences based on a case decided by the Ohio Supreme Court eight months prior to his sentencing. We cannot find the failure to object in this circumstance amounts to constitutionally deficient representation. Further, even if this court were to hold that the failure to object to consecutive sentences was deficient, in light of our disposition of his first assignment of error vacating his consecutive sentences, Otero is unable to satisfy the second prong of *Strickland*. Therefore, his third assignment of error is overruled.

{¶ 31} Judgment affirmed in part, vacated in part, and remanded for resentencing consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for resentencing pursuant to this opinion and *Jones*.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MICHAEL JOHN RYAN, J., CONCUR