**[Cite as *State v. R.S.M.*, 2026-Ohio-2274.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 25AP-570<br>(C.P.C. No. 20CR-2583) |
| [R.S.M.], | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 16, 2026

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Michael A. Walsh*, for appellee.

**On brief:** *Mitchell A. Williams*, Public Defender, and *Leon J. Sinoff*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Defendant-appellant, R.S.M., appeals from a judgment of the Franklin County Court of Common Pleas revoking his community control and sentencing him to a prison term to be served consecutive to his sentence for a prior felony conviction in Marion County.

## I. Facts and Procedural History

{¶ 2} On June 15, 2020, appellant was indicted in Franklin County on two counts of domestic violence in violation of R.C. 2919.25. Prior to trial, Count 1 was amended from domestic violence to the lesser-included offense of assault. In April 2022, the case was tried to a jury which returned verdicts finding appellant guilty of both counts.

{¶ 3} On May 5, 2022, the trial court conducted a sentencing hearing. As to Count 2, "domestic violence, a felony of the fourth degree," the trial court announced it would impose "four years of community control on the risk reduction docket with medium supervision." (May 5, 2022 Tr. Vol. IV at 5.) The court further stated: "The same conditions apply on Count 1, assault, M1, of community control conditions." (May 5, 2022 Tr. Vol. IV at 7.) Upon inquiry by the prosecutor as to whether the misdemeanor was a "concurrent sentence," the trial court responded affirmatively, stating: "180 days in the county jail concurrent." (May 5, 2022 Tr. Vol. IV at 8.)

{¶ 4} By judgment entry filed May 5, 2022, the trial court sentenced appellant to four years community control. The court's entry provided in part: "Following imposition of Community Control, the Court . . . notified Defendant orally what could happen if he violates Community Control [and] [t]he Court further indicated that if the Defendant violates Community Control he will receive a specific prison term of Eighteen (18) Months . . . on count two and 180 days concurrent on count one." (Emphasis omitted.) (May 5, 2022 Jgmt. Entry at 2.)

{¶ 5} Appellant appealed his convictions. In *State v. R.S.M.*, 2023-Ohio-4288 (10th Dist.), this court affirmed the judgment of the trial court.

{¶ 6} On February 11, 2025, a Franklin County probation officer filed a statement of violations for revocation of community control. The statement alleged that on July 20, 2024, appellant was charged in Marion County Court of Common Pleas with rape, a felony of the first degree, and that he was subsequently found guilty of that offense in Marion County Common Pleas case No. 24CR-268. The statement further alleged appellant had failed to pay child support as ordered, and that his current balance due was $4,997.90.

{¶ 7} On June 18, 2025, the trial court conducted a revocation hearing. During the hearing, defense counsel stipulated as to probable cause and admitted to the violation. The trial court found appellant in violation and proceeded to address mitigation.

{¶ 8} The prosecutor requested the court to revoke probation and impose the original sentence. In response, defense counsel argued appellant "was never advised of consecutive sentences" at the time of his original sentencing for community control. (June 18, 2025 Tr. at 4.) Counsel further argued that, if the trial court "is inclined to revoke," it was the defense's position "the Court must impose that sentence as a concurrent

sentence to what he is already serving" based on the Supreme Court of Ohio's decision in "*State v. Jones*, [2022-Ohio-4485]." (June 18, 2025 Tr. at 4.)

{¶ 9} The trial court then stated on the record:

> Okay. [R.S.M.], based on, like I said, everything, I find you in violation of your community control. I am going to revoke your community control and impose the original sentence. The original sentence is 18 months in prison. You have 396 days of jail-time credit up to this point. The remainder of your prison term shall be served forthwith. I am going to run the sentence consecutive to the sentence in Marion County Case 24CR-268.

(June 18, 2025 Tr. at 5-6.)

{¶ 10} On June 18, 2025, the trial court filed an entry revoking community control and imposing a prison term of 18 months "to run consecutive to the sentence imposed in Marion County Case 2024CR-268." (Emphasis omitted.) (June 18, 2025 Revocation Entry at 1.)

## II. Assignment of Error

{¶ 11} Appellant appeals and assigns the following sole assignment of error for our review:

> Because Appellant Was Not Informed at the Time of Sentencing that, Upon Future Revocation of his Term of Community Control, His Suspended Prison Term Could be Imposed Consecutively to Other Prison Terms, the Trial Court's Later Imposition of Consecutive Prison Terms Violated *State v. Jones*, 2022-Ohio-4485, and Resulted in a Sentence that is Contrary to Law.

## III. Discussion

{¶ 12} Under his sole assignment of error, appellant asserts the trial court erred in imposing the 18-month revocation sentence to be served consecutively to his sentence in the Marion County case. Specifically, appellant maintains, based on the Supreme Court's decision in *State v. Jones*, 2022-Ohio-4485, a trial court is precluded from imposing consecutive prison terms if a defendant "has not been previously notified of the possibility of consecutive sentences." (Appellant's Brief at 8.)

{¶ 13} In general, R.C. 2953.08(G)(2)(b) "permits appellate courts to reverse or modify sentencing decisions that are ' "otherwise contrary to law." ' " *State v. Bryant*, 2022-

Ohio-1878, ¶ 22, quoting *State v. Jones*, 2020-Ohio-6729, ¶ 32, quoting R.C. 2953.08(G)(2)(b).  In this respect, " 'otherwise contrary to law' means ' "in violation of statute or legal regulations at a given time." ' "  *Id.*, quoting *Jones*, 2020-Ohio-6729, at ¶ 34, quoting *Black's Law Dictionary* 328 (6th Ed. 1990).

{¶ 14} As noted, appellant relies on the Supreme Court's decision in *Jones*, 2022-Ohio-4485, in which a criminal defendant faced charges in two different counties. Specifically, the defendant in *Jones* was sentenced to community control in Harrison County for a felony offense, and the trial court reserved a two-year prison term in the event of a violation.  The defendant was subsequently convicted of a new felony in Jefferson County, and the trial court in Harrison County revoked the defendant's community control and imposed a two-year sentence to be served consecutively to the sentence imposed by the court in Jefferson County.  The defendant challenged the imposition of consecutive sentences on the grounds she was not notified, at the time the Harrison County trial court initially imposed community control, that she might be ordered to serve the reserved prison term consecutively to any other prison sentences.

{¶ 15} In addressing this issue, the Supreme Court in *Jones* held in part:

> [W]hen a court revokes community control, it may require that the reserved prison term be served consecutively to any other sentence then existing or then being imposed but only if at the time it imposed community control, it notified the offender that a consecutive sentence on revocation of community control was a possibility.  This does not mean that a trial court must notify an offender of the possibility of consecutive sentences in every instance but that in any case in which it does not provide such notice, imposing a consecutive sentence is not available to that court if community control is later revoked. Thus, if an offender who is on community control is convicted and sentenced to prison for a new offense, the revocation proceeding in the original case may not result in a prison sentence that runs consecutively to the new prison sentence if no mention of consecutive sentences was made as part of the original sentence for community control.

*Jones*, 2022-Ohio-4485, at ¶ 2.

{¶ 16} Thus, in the absence of "such prior notice" of a potential consecutive sentence given at the time of sentencing to community control, "the reserved prison sentence must be imposed to run concurrently with the existing prison term."  *Id.* at ¶ 17.

{¶ 17} In the present case, appellant argues that, similar to the facts in *Jones*, he was sentenced to community control in one county and then committed a new felony in another county resulting in a prison term, and thereafter faced revocation of his original community control. Appellant further argues the transcript and sentencing entry show, "just like in *Jones*," he was "never informed at the time of his sentencing that he faced the possibility of consecutive sentences in the event that his community control was revoked." (Appellant's Brief at 15.)

{¶ 18} In response, plaintiff-appellee, State of Ohio, concedes that "applying *Jones* to the instant case necessitates reversal." (Appellee's Brief at 4.) Specifically, while the state challenges the wisdom of *Jones*, it acknowledges the trial court "made no mention of consecutive sentences during sentencing," nor did the court "mention the possibility for consecutive sentences at the first revocation hearing." (Appellee's Brief at 10.) Accordingly, the state agrees with appellant that "*Jones* is directly binding on this case." (Appellee's Brief at 10.)

{¶ 19} Based on the record presented, we agree with the parties that the trial court did not provide appellant notice of a potential consecutive sentence at the time of sentencing to community control. Thus, in accordance with *Jones* (and in the absence of such notice), the trial court "was not authorized to impose a consecutive prison term" on appellant. *Jones*, 2022-Ohio-4485, at ¶ 18. We therefore sustain appellant's sole assignment of error, and we reverse and vacate that portion of the trial court's entry imposing consecutive sentences.

{¶ 20} While appellant requests this court to modify the sentence ourselves, we find the more appropriate disposition is to remand to the trial court to apply the law and impose the appropriate sentence on remand in accordance with *Jones* (i.e., "to modify the sentence by ordering the prison terms to be served concurrently"). *State v. Adkins*, 2025-Ohio-4526, ¶ 20 (11th Dist.) (reversing sentence based on *Jones* and remanding with instructions for trial court to modify sentence and order prison terms to be served concurrently). *See also State v. King*, 2025-Ohio-1762, ¶ 12 (2d Dist.) (reversing, under *Jones*, trial court's imposition of consecutive sentences and remanding matter "for the issuance of a new judgment entry imposing concurrent sentences"); *State v. Otero*, 2024-Ohio-952, ¶ 22 (8th Dist.) (upon applying *Jones*, trial court's imposition of consecutive sentences vacated and

case remanded to trial court "to impose a sentence in accordance with this opinion and *Jones*").

## IV. Conclusion

{¶ 21} Based upon the foregoing, appellant's sole assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to the trial court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed;*
*cause remanded.*

DORRIAN and EDELSTEIN, JJ., concur.

————————————