[Cite as *State v. Parsons*, 2025-Ohio-663.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Michael D. Hess, J. |
| | : | Hon. Justin P. Smith, J. |
| -vs- | : | |
| | : | Judges Hess and Smith |
| | : | Sitting by Assignment by the |
| | : | Supreme Court of Ohio |
| | : | |
| CHRISTOPHER PARSONS | : | Case No. 24-COA-020 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Ashland Court of
                             Common Pleas, Case No. 21-CRI-
                             242


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            February 21, 2025


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ANDRES R. PEREZ                           BRIAN D. SMITH
110 Cottage Street, Third Floor           123 S. Miller Road, Suite 250
Ashland, OH  44805                        Fairlawn, OH  44333

*Hess, J.*

{¶ 1}   Defendant-Appellant Christopher Parsons appeals the November 28, 2023 judgment of the Ashland County Court of Common Pleas which revoked his community control and sentenced him to a period of incarceration to run consecutive to a 36-month sentence imposed in Richland County. Plaintiff-Appellee is the State of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   The parties agree on the relevant facts and history. In October of 2020, Parsons struck an Amish buggy with his Chevy S10 truck causing injury to the occupant of the buggy and then fled the scene. In December of 2021, Parsons was charged by a bill of information with one count of failure to stop after an accident, a felony of the fifth degree. Parsons entered a plea of guilty to the charge in January of 2022. In March 2022, following a presentence investigation, Parsons was sentenced to four years community control. The trial court reserved a 12-month prison sentence in the event Parsons was unsuccessful on community control.

{¶ 3}   In June of 2023, the Ashland County Adult Probation Department filed a community control violation alleging Parsons had caused or attempted to cause harm to his girlfriend in an incident which took place in Richland County. In November of 2023 Parsons pled guilty to the community control violation. The trial court revoked Parsons' community control, imposed the previously reserved sentence of 12 months, and ordered Parsons to serve the sentence consecutive to the 36-month sentence imposed in Richland County.

{¶ 4}   Parsons filed an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 5}   "THE TRIAL COURT'S IMPOSITION OF A CONSECUTIVE SENTENCE, UNDER R.C. 2929.14(C)(4), ORDERING THAT APPELLANT'S SENTENCE BE SERVED CONSECUTIVELY TO HIS SENTENCE IN THE RICHLAND COUNTY COURT OF COMMON PLEAS, CASE NUMBER 2023CR0482, WAS NOT SUPPORTED BY THE RECORD."

I

{¶ 6}   In his sole assignment of error, Parsons argues the trial court's imposition of consecutive sentences is in violation of R.C. 2929.14 because it is not supported by the record. We disagree.

Imposition of a Prison Term Following Revocation of Community Control

{¶ 7}   While Parsons focuses his argument on R.C. 2929.14 findings, we begin our discussion with R.C. 2929.15 which governs community control sanctions. Pursuant to current subsection (B)(3), applicable in this case, if an offender violates community control, a trial court may sentence the offender to a prison term which "shall not exceed a prison term from the range of terms specified in the notice provided to the offender at the sentencing hearing pursuant to (B)(4) of section 2929.19 of the Revised Code."

{¶ 8}   In *State v. Jones*, 2022-Ohio-4485, the Supreme Court of Ohio analyzed this subsection (former and current versions) in the context of imposing a consecutive prison sentence after revocation with other sentences being served by the offender. The *Jones* court stated the following at ¶ 2:

We conclude that when a court revokes community control, it may require that the reserved prison term be served consecutively to any other sentence then existing or then being imposed but only if at the time it imposed community control, it notified the offender that a consecutive sentence on revocation of community control was a possibility. This does not mean that a trial court must notify an offender of the possibility of consecutive sentences in every instance but that in any case in which it does not provide such notice, imposing a consecutive sentence is not available to that court if community control is later revoked. Thus, if an offender who is on community control is convicted and sentenced to prison for a new offense, the revocation proceeding in the original case may not result in a prison sentence that runs consecutively to the new prison sentence if no mention of consecutive sentences was made as part of the original sentence for community control.

{¶ 9} In this matter, a transcript of the original sentencing hearing is not included in the record for our review. Without benefit of the original sentencing transcript, we presume the regularity of the trial court's proceedings. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

R.C. 2929.14

{¶ 10} We next address Parson's complaint that consecutive sentences are unsupported by the record.

{¶ 11} This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002 ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) The sentence is otherwise contrary to law.

{¶ 12} R.C. 2929.14(C)(4) governs consecutive sentences. That section states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 13} "R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, (1954), paragraph three of the syllabus.

{¶ 14} When imposing consecutive sentences, a trial court must state the required findings at the sentencing hearing. *State v. Bonnell*, 2014-Ohio-3177, ¶ 29. Because a court speaks through its journal, the court should also incorporate its statutory findings into the sentencing entry. *Id.* However, a word-for-word recitation of the language of the statute is not required. *Id.* As long as the reviewing court can discern the trial court engaged in the correct analysis and can determine the record contains evidence to support the findings, consecutive sentences should be upheld. *Id.*

Parson's Arguments

{¶ 15} First, the state appears to argue that per State v. *Jones*, 2022-Ohio-4485, the trial court was not required to make the appropriate R.C. 2929.14 findings before imposing consecutive sentences upon revocation of Parson's community control. We disagree. *Jones* did not address the necessity of R.C. 2929.14 findings before imposing consecutive sentences. Rather, the question was whether a sentencing court could impose a consecutive sentence at all if it had failed to warn of the that possibility when

reserving a sentence and placing an offender on community control sanctions. We therefore reject the State's argument.

{¶ 16} Next, in his appellate brief at 7, Parsons concedes the trial court recited the requisite statutory findings on the record regarding consecutive sentences. He argues however, that the record does not support the trial court's imposition of consecutive sentences. Parsons argues (1) he expected to receive judicial release in the Richland County case and according to Parsons, this would not be true if he presented a "danger to the public;" (2) his Ohio Risk Assessment System score, included Parson's presentence investigation and conducted before he was placed on community control in this matter, was "moderate" in terms of likely recidivism; (3) the trial court had other available sentencing options.

{¶ 17} Parsons' arguments are unavailing. The trial court noted it was not bound by any sentencing decisions made in the Richland county case, and Parsons cites no authority to suggest otherwise. Transcript of sentencing (T.) 16. While Parsons may have been seen as a moderate recidivism risk when the presentence investigation was conducted, he did in fact commit a new offense one year and three months after being placed on community control. The trial court also noted that Parsons' performance on community control was not exemplary. He failed a drug test, made no progress toward restitution for the victim, and his probation officer received reports of Parsons harassing his ex-girlfriend. T. 17-18. The trial court found these facts and Parsons' criminal history demonstrated consecutive sentences were necessary to protect the public. T. 19.

{¶ 18} Upon review, we find trial court's imposition of consecutive sentences is supported by the record and is neither contrary to law, nor based on improper considerations.  Accordingly, Parson's assignment of error is overruled.

{¶ 19} The judgment of the Ashland County Court of Common Pleas is affirmed.


By Hess, J.,

Hoffman, P.J. and

Smith, J. concur.